392 So.2d 1096 (1980)
George A. FLOURNOY, Plaintiff-Appellee,
v.
Susan Burnham FLOURNOY, Defendant-Appellant.
No. 7984.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Rehearing Denied February 9, 1981.
*1097 J. Michael Small, Alexandria, for defendant-appellant.
David A. Sheffield, Alexandria, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This is a child custody case. The children involved are Christopher Ryan Flournoy, now six years old, and Benjamin Matthew Flournoy, now three years old. The trial court awarded custody to the father, George Flournoy. The mother, Susan Burnham Flournoy, appeals. The issue on appeal is whether the granting of permanent custody to the father is in accordance with the best interest of the children. From our review of the record, we conclude that the trial court was within its discretion in holding that the best interest of the children requires that custody be awarded to the father. We affirm.
The Flournoys were married in 1969. Two children were born of the marriage. They are the children involved in this custody dispute.
Due to marital difficulties, in September of 1979, George obtained a judgment of separation from Susan on the grounds of constructive abandonment. On October 17, 1979, George filed suit for divorce on grounds of adultery. Included in his petition was a prayer for both temporary and permanent custody of Christopher Ryan and Benjamin Matthew. George obtained a temporary order of custody on October 17, 1979.
On February 22, 1980, following a trial on the suit for divorce, the trial judge granted a judgment of divorce in favor of George. Also on that date, the trial judge scheduled a hearing for March 31, 1980, to determine the provisional or permanent custody of the two children. On May 21, 1980, the trial judge, for reasons orally assigned, awarded permanent custody of the two children to the father, George Flournoy. Susan Flournoy appeals only the judgment of custody.
Louisiana Civil Code Article 157 provides the applicable law concerning an award of custody. That article, in pertinent part, provides:
"A. In all cases of separation and divorce,... permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent ..."
The issue on appeal then, is whether the trial court's judgment granting permanent custody to the father is in the best interest of the children.
The standard of appellate review of custody cases was recently discussed by our Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The Court announced:

*1098 "This Court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco [259 La. 1122, 254 So.2d 603], supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is "clearly wrong". Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact."
Armed with this standard of review, we now proceed to review the record.
The record shows that both parents are loving parents who shared the responsibilities of caring for the children and attending to their needs. Standing alone, this would make the question of custody an extremely close one. However, because no written reasons were assigned, we must also consider the possibility that the trial judge was influenced by evidence that the mother was morally unfit.
At the custody hearing, abundant evidence was offered concerning the alleged adulterous relationship of Susan with Edward D. Gutierrez. Both Susan and Mr. Gutierrez admitted that after the legal separation, they began a sexual relationship. The relationship included overnight trips. Two of these were to Las Vegas where they even registered as Mr. and Mrs. Gutierrez. In addition, and perhaps more injurious to Susan's chances of gaining custody of the children, there was testimony detailing the occasions Susan and Mr. Gutierrez spent the night together at Susan's former marital residence while the children were in her custody and present in the house. The testimony of several witnesses, including Susan and Mr. Gutierrez, along with the investigative reports filed into evidence indicate that the children at least observed Mr. Gutierrez in their house in the morning.
Susan and Mr. Gutierrez make no effort to hide their relationship. They admit that they are still engaged in a sexual relationship which they plan to continue. There was some evidence that they planned to marry, preferably in the Catholic Church as soon as Susan secures an annulment of her marriage to George. However, no formal annulment proceedings have been initiated.
The record reflects that Susan is engaged in open, adulterous conduct and shows no indication of repentance or reformation of her conduct. If the trial judge concluded that she is morally unfit, we find no abuse of discretion in that regard.
There was also some testimony concerning George's moral unfitness. However, the evidence concerning him was much less damaging than that concerning Susan. For example, even though George engaged in an adulterous relationship with Linda Flowers, that relationship was discreet. There were no overnight trips or nights spent together while the children were present in the home. In addition, shortly after George's divorce from Susan he and Linda were married.
The facts also showed that George shared and took an active part in rearing the children. The children are loving and well adjusted. George is a professional with an adequate standard of living to support the children. In the settlement of the community, George acquired the family home which has adequate furnishings for the children. The facts also showed that the children were fond of Linda and felt comfortable around her. Linda was likewise fond of them.
On appeal, counsel for Susan urges that the natural bond existing between mother and child and resulting from the care and affection the mother has provided the child from birth be considered. In essence, counsel seeks application of the maternal preference rule which is to the effect that unless the mother is proved unfit or unable to care for the minor children, custody must be awarded to her. The maternal preference rule is no longer a rigid rule but is merely one of the factors to be considered and *1099 weighed in determining the best interest of the children. We must assume that the trial judge did consider and weigh this factor before concluding that the interest of the children was best served by awarding custody to the father.
After review of the record in light of the above cited principles, we conclude that the award of custody of the two children to the father was within the discretion accorded the trial judge.
For these reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.