STOKER, Judge.
This is a suit for change of custody. The plaintiff-mother seeks custody of her six year old daughter, Kimberly, who is presently in the custody of the defendant-father.
In April 1977 the plaintiff filed a petition for separation against the defendant in which she asked for custody of Kimberly. The defendant answered and reconvened asserting his right to divorce based on plaintiff’s alleged adultery. In October 1977 a judgment was rendered granting defendant a divorce and custody of Kimberly. This judgment did not grant visitation rights to the plaintiff. In September 1978 plaintiff filed a petition for change of custody. Numerous attempts were made to fix a visitation schedule for plaintiff and limited visitation was agreed upon. The plaintiff continued her suit for custody and the matter was set for hearing on August 20,1979. Upon joint motion of counsel this hearing was upset and the matter was not heard until January 21, 1980. Judgment was rendered February 19, 1980, maintaining custody in the defendant-father. Plaintiff filed a motion for a new trial which was denied. Plaintiff appeals.
There are two issues raised by this appeal:
(1) the custody of Kimberly and
(2) whether the trial court erred in failing to grant plaintiff’s motion for a new trial.
*465 I. CUSTODY
LSA-C.C. art. 157[1] as amended provides the applicable law in this case. This article clearly states that changes of custody are to be made in accordance with the best interest of the child. In discussing the appropriate standard of proof applicable to change of custody cases the Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980) stated “... the best interest of the child, and not the possibility of harm, is the sole criterion applicable to change of custody cases.” Thus the determination to be made in this case is whether it is in Kimberly’s best interest to be in the custody of her mother, the plaintiff, or her father, the defendant.
In reviewing grants of custody the appellate court must give great, weight to the determination of the trial judge. This determination will be overturned only when there is a clear abuse of discretion. Bordelon v. Bordelon, supra. This rule of review is based on the premise that a trial judge is in a better position to evaluate and determine the best interest of the child because he has an opportunity to observe the conduct and character of the parties seeking custody and the child.
We have reviewed the record and find no abuse of discretion. Counsel for plaintiff argues that the trial judge erred in applying the so called “double burden” rule of Fulco v. Fulco, 254 So.2d 603 (La.1971) in this case because the decree of custody was not a considered one. Counsel maintains that it is unnecessary for plaintiff to prove that continuing the present custody is deleterious to the child in order to be entitled to an award of custody. We agree that proof of deleterious circumstances is not necessary in this case, but do not believe the issue of the existence of a considered decree to be decisive. As stated above we are of the opinion that all custody modifications are now governed by the rule of the best interest of the child regardless of the type of initial decree.
Although the trial judge in his written reasons for judgment seems to be applying the rule Fulco v. Fulco, supra, when he states there is no evidence that any deleterious circumstances exist, we find that he also made a determination of Kimberly’s best interest. The trial judge noted the evidence is abundant that Kimberly is happy, provided for and well adjusted in her present situation and that he does not feel it is in Kimberly’s best interest to place her with her mother. Tr. 9, 10. The evidence offered at the custody hearing supports the conclusions of the trial judge. The testimony establishes that Kimberly was born on December 25,1974, and that she has been in the custody of her father since October 1977. In addition the record reveals that Kimberly is happy, well-fed and clothed and that she gets along with her father, mother and their respective spouses and relatives. Accordingly, we find that the trial judge maintained custody in the defendant-father after determining that this was in Kimberly’s best interest and that this determination was not an abuse of discretion.
II. NEW TRIAL
Counsel for plaintiff contends the trial court erred in failing to grant plaintiff’s *466 motion for a new trial. Plaintiff moved for a new trial on the peremptory grounds of discovering since trial, evidence important to the cause, which through due diligence could not have been obtained prior to or during trial. LSA-C.C.P. art. 1972(2).
In her motion plaintiff alleged that since the time of trial defendant and his present wife had separated, that defendant’s sixteen year old sister was pregnant and unwed, and that the living conditions in the trailer where Kimberly lived were crowded. Plaintiff argued that these facts indicate that Kimberly’s present custody is not in her best interest. The trial judge denied the motion for a new trial on the basis that the facts alleged in the written motion along with the evidence presented at the hearing were in and of themselves insufficient to establish plaintiff’s right to a new trial.
Article 1972(2) has been interpreted to mean that a new trial must be granted on the grounds of newly discovered evidence where such evidence is not merely cumulative, would tend to change the result of the case, was discovered after trial, and could not have been discovered before or during the trial. Chauvin v. Chauvin, 297 So.2d 234 (La.App. 3rd Cir. 1974).
It was revealed at the hearing on the motion that defendant and his present wife were not in fact living apart and that they were no longer living in the trailer with defendant’s relatives. Counsel stipulated that defendant’s sister was unmarried and pregnant. This fact alone does not indicate that the present custodial arrangement is not in the best interest of Kimberly.
We do not feel that plaintiff has alleged facts which warrant the granting of a new trial.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.

. LSA-C.C. art. 157.
A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent. Such custody hearing may be held in private chambers of the judge. The party under whose care the child or children is placed, or to whose care the child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died.
B. If subsequent to the granting of a divorce or separation one of the parties to the marriage dies and is survived by a minor child or children of the marriage, the parents of such deceased party may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interests of the child or children.

(Amended by Acts 1970, No. 436, § 1; Acts 1977, No. 448, § 1; Acts 1979, No. 718, § 1.)