KLEES, Judge.
On March 24, 1980, plaintiff filed suit against defendant for separation from bed and board. The defendant answered and sought custody of the one child born of the marriage, Ilee Magee Joseph, Jr. From a judgment denying a change of custody, defendant appeals.
The issue presented on appeal is whether the trial court abused his discretion in denying defendant’s motion for custody of his minor child. A review of the record reveals that defendant was the only witness at the hearing. He testified that he was gainfully and steadily employed in a five day a week job. Defendant further testified that he would keep the child with his mother and at a nursery on the days when his mother was not able to take care of the child. This child was one of six born to his wife, five from two previous marriages and that all of the children were presently in California. When questioned by the trial court regarding what would be best for the child, if the child was in defendant’s custody, rather than the mother’s custody, the defendant replied, “because I would take care of him. I work five days a week. I would do what I have to do to raise my son and take care of *520 him, and make a home for him, and give him the best education I know how.”
When further asked by the Court if defendant had any reason to believe that was not being done now, he indicated that although he feels his wife cares about the child, she leaves him in California to come back to Baton Rouge to see another man, and he had seen her in a lounge one particular night.
Other than some unsupported self-serving statements to the effect that his wife was seeing another man and leaving her children in California with relatives while she was traveling to Baton Rouge, defendant provided the court with information that only proved that he loved his child; and as a matter of fact admitted that his wife cared for the child. He produced no positive evidence which would indicate that it was in the best interest of the child to live with him rather than live with the mother. The procedure for appellate review is to give great weight to the determination of the trial judge, and to and to overturn a determination only when there is a clear abuse of discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); citing Fulco v. Fnlco, 259 La. 1122, 254 So.2d 603 (1971). This test is substantially similar to the rule applied by the Appellate Court which prevents the upsetting of the trial court determination of fact unless it is “clearly wrong”. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as must weight as a conclusion that certain evidence establishes a fact.
Here even though defendant was the only witness to testify at the custody hearing and obviously was quite truthful and candid at the custody hearing, we conclude that the trial court did not abuse its discretion accorded it by law.
Accordingly, the judgment of the lower court is affirmed.
AFFIRMED.