WILLIAMS, Judge.
This is an appeal from a judgment of the Civil District Court contesting the award of custody of the minor child, Catherine Oh-man. This is the second time that this matter has been before this court. The earlier proceeding involved custody of the same minor child, wherein the father was granted custody of the child two years after the divorce decree. In the previous appeal, 405 So.2d 883, another panel of the Fourth Circuit reversed a ruling of the trial court granting custody to the father. The case was remanded to determine if there had been any change in circumstances since the initial grant of custody to the father. Upon a remand of this matter, the trial court awarded the mother custody of the child. This is an appeal from the trial court’s award of custody of the child to the mother.
The minor child is Catherine Ohman, who was born on February 26, 1973. In May, 1978, John Ohman, the child’s father, obtained a divorce from Mrs. Ohman and custody was awarded by consent to Mrs. Ohman. (Although Mrs. Ohman subsequently remarried, for purposes of clarity, she will be referred to as Mrs. Ohman in this opinion). The father was awarded weekly visitation rights. The paternal grandparents were also allowed to exercise the father’s visitation rights on any weekend that he was unable to do so because of work. The parties abided by the terms of the original judgment without complication until April 13, 1979. At that time, the child’s grandfather called upon Mrs. Ohman who refused to allow him to pick Catherine up representing to him that the child was ill.
In June, 1979, Mrs. Ohman moved to New York with her daughter to improve her career prospects by taking a temporary assignment there.
On February 8, 1980, Mr. Ohman filed a petition for a writ of habeas corpus seeking custody of the child. Mrs. Ohman was served the citation and petition, and on February 11th, custody was awarded to Mr. Ohman on the basis of his uncontradicted evidence. Shortly after this judgment, Mr. Ohman went to New York, accompanied by a detective, to pick up his daughter and bring her back to New Orleans. The mother failed to file an appeal from the judgment of February 11th. On March 14,1980, she filed “A Motion To Vacate and/or Change Judgment Awarding Custody of Minor Child to Father”. This motion was denied by the trial court. The mother then applied for a new trial and this was also denied. From the denial of her application for a new trial and the denial of her motion to vacate the judgment, the mother was granted a devolutive appeal to this Court. Ohman v. Ohman, 405 So.2d 883 (La.App. 4th Cir.1981), [hereinafter Ohman # 1],
*266 Matters of child custody arising, at divorce, and in post-divorce changes of custody, are governed by the Civil Code. La. Civil Code Article 157, as amended, provides the applicable law in this case. This article states that changes of custody are to be made in accordance with the best interest of the child. In discussing the appropriate standard of proof applicable to change of custody cases, the Supreme Court in Borde-lon v. Bordelon, 390 So.2d 1325 (La.1980), said:
“... the best interest of the child, and not the possibility of harm, is the sole criteria applicable to change of custody cases.” Id. at 1328.
Thus the determination to be made is whether it is in Catherine’s best interest to be in the custody of her mother, or her father.
The only criteria applicable to child custody and change of custody cases is simply what is in the best interest of the child. Bordelon, supra; Autrey v. Highbaugh, 395 So.2d 464 (La.App.3d Cir.1981). We find the appropriate standard of appellate review in custody matters to be clearly stated in Bordelon:
This court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco [v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971) ]; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is ‘clearly wrong’. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact.
See also Joseph v. Joseph, 407 So.2d 519 (La.App. 4th Cir.1981); Tusson v. Price, 403 So.2d 1265 (La.App. 4th Cir.1981); Cooper v. Cooper, 398 So.2d 171 (La.App.3d Cir.1981). This rule of appellate review is based on the premise that a trial judge is in a better position to evaluate and determine the best interest of the child because he has an opportunity to observe the conduct and character of both the parties seeking custody and of the child herself.
Based upon a review of the record, we are unable to say that the trial court abused its discretion in awarding custody of Catherine Ohman to Mrs. Ohman, her mother.
The additional evidence presented at the rehearing on this custody rule, shows that the child’s mother returned to New Orleans to reside with her husband, Mr. Ryan, and resided in Metairie. After her return, her husband’s brother and her brother stayed with the family temporarily, but no longer reside with them. The mother also has a child by her second husband, Mr. Ryan. Catherine’s father has also remarried and has a second child. At the time of this second trial, Catherine was attending Holy Name of Jesus School and was in the middle of the third grade. Her stepmother did not work, but stayed home to take care of her baby and Catherine. The stepmother actively participated in duties at Catherine’s school on a volunteer basis. At the time of the prior custody proceedings, the father’s job often required him to be away at sea. Since then, he has been transferred to a landbased job.
Our review of the evidence indicates that either parent would be qualified to care for Catherine. Based on this evidence, the trial court’s award of custody was not an abuse of its discretion.
The trial court awarded custody back to the child’s mother. In our earlier decision in Ohman # 1, this court directed the trial court to return custody to the mother unless it could be shown, upon the presentation of additional evidence, that circumstances had changed so that custody in the father would better suit the best interest of the child. We do not believe that this court incorrectly urged the application of “maternal preference” in violation of the amended provisions of La. Civil Code Article 146 and *267 Article 157 in that previous opinion. Furthermore, the record does not show that the trial court awarded custody on the basis of any consideration other than the best interests of the child.
We believe that it would not be in the best interests of the child to complicate these proceedings by reversing the trial court again. We do realize that one of the inherent problems in a child custody case, in light of Bordelon, is that one party, erroneously awarded custody, may argue that he or she should retain custody because it would not be in the child’s best interests to remain in the same household, without having to undergo the possible trauma and turmoil of relocation.
Another issue on appeal is the trial court’s error in failing to allow a licensed psychiatric social worker to testify. The witness was qualified and accepted by the trial court as an expert. Prior to trial, however, the court indicated that it would not entertain testimony in this regard, but would allow instead, counsel to make a proffer. A review of the proffer shows that this psychiatric social worker conducted an examination of Catherine. She reached a determination that it would be in the best interest of the child to remain in the custody of her father. Although we believe that the trial court was in error in refusing to allow the witness to testify, after reviewing the proffer, we do not believe that the evidence would have changed the outcome of the trial court’s judgment. This assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is AFFIRMED.

AFFIRMED.