387 So.2d 1360 (1980)
George H. JONES
v.
AMERICAN BANK AND TRUST COMPANY.
No. 13538.
Court of Appeal of Louisiana, First Circuit.
July 25, 1980.
Rehearing Denied September 4, 1980.
*1361 Arthur J. Cobb, Baton Rouge, for plaintiff-appellant George H. Jones.
Richard Mary, Baton Rouge, for defendants-appellees Mr. and Mrs. Noel B. Baum.
John R. Olds, Baton Rouge, for intervenor-appellee Supreme Securities, Inc.
C. Stokes McConnell, Jr., Baton Rouge, for defendant-appellee American Bank & Trust Co.
Paul M. Hebert, Jr., Baton Rouge, for defendant-appellee Fid. Natl. Bk. of B. R.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff, George H. Jones, appeals a trial court decision granting summary judgment to third party defendant, Noel B. "Butch" Baum, and dismissing all petitions in the suit at his costs. We affirm.
Jones sued American Bank for $10,000, interest and costs. He alleged that on June 26, 1975, Supreme Finance Company, Inc., d/b/a Supreme Securities, Inc. (Supreme), issued a check for $10,000, payable to plaintiff and drawn on American Bank. He further alleged that the proceeds were removed from Supreme's account and paid to a forger.
Subsequent to the original petition, Supreme intervened and prayed for American Bank to either pay plaintiff the $10,000 or return the $10,000 to intervenor so it could pay Jones. Jones then cross-claimed against Supreme.
American Bank denied plaintiff's claim and made Fidelity National Bank (Fidelity) a third party defendant. Fidelity made Noel B. "Butch" Baum yet another third party defendant. Supreme and Baum respectively named American Bank and Jones third party defendants.
Motions for summary judgment were filed by both Jones and Baum. Following a hearing, Jones' motion was denied and Baum's was granted.
On appeal, Jones specifies as errors the trial court rulings
1. denying plaintiff's motion for summary judgment and
2. granting summary judgment to Baum whom Jones had never named as defendant.
Jones' first specification of error is specious since no appeal lies from a court's *1362 refusal to render either judgment on the pleadings or summary judgment. LSA-C. C.P. Art. 968. Savoy v. Doe, 315 So.2d 875 (La.App. 3rd Cir. 1975); Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir. 1974), writ denied 299 So.2d 803 (1974).
It was also not error to grant summary judgment to a party never joined by the plaintiff as a defendant. LSA-C.C.P. Art. 1115 permits a third party defendant to assert against the plaintiff in the principal action any defenses which the third party plaintiff has against the principal demand. See also Breaux v. Rimmer & Garrett, Inc., 320 So.2d 214 (La.App. 3rd Cir. 1975).
Baum's defenses, which could have been used by Fidelity, were that Jones received the benefit of the funds from the forged check and that Jones ratified the forgery.
On appeal, Jones does not specify as error the trial court's apparent determination that the "benefit of the funds" defense was meritorious. Rather, appellant formally objects only to the procedural aspect of the judgment. Clearly, however, appellant's brief demonstrates that the gravamen for appeal is the court's finding valid the "benefit" defense.
A careful examination of the entire record convinces us that Jones did, indeed, benefit from the funds and that he cannot recover from American Bank.
The record unequivocally shows that Jones, Baum and others were involved in the construction, management and/or sale of the Colonial Woods Apartments in Baton Rouge. Numerous problems arose which resulted in repeated efforts by those involved to provide additional financing. Baum was the member who orchestrated the project.
In 1975, the group was faced with a note, shortly to mature, in an amount of over $113,000 and payable to the Colonial Bank of New Orleans. Various members of the Colonial Woods enterprise, including the plaintiff, agreed to raise cash.
On June 26, 1975, Baum carried a note made out to Supreme to Jones' office. The note was taken by a nurse or receptionist, was signed out of Baum's presence, and was then returned to Baum who brought it to Supreme. Baum then carried a check for $10,000, the proceeds of the note, to Jones' office where, again, a nurse or receptionist took it from him. The check was shortly returned to Baum, apparently signed by Jones.
Baum deposited the check at issue, together with other funds raised by members of the Colonial Woods group, into his personal account at Fidelity. From that account, Baum paid off the note Colonial Woods owed to the Colonial Bank of New Orleans.
A party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts as to the absence will be decided in favor of a trial on the merits and no summary judgment will be granted, even if the trial court has grave doubt regarding a party's ability to establish disputed facts. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979).
LSA-C.C.P. Art. 967 provides in part:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all genuine issues of material fact. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material *1363 facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (1980).
Baum's deposition and attachments resolved each genuine issue of material fact by fully explaining the business transactions involved. Jones' deposition and attachments do not demonstrate that there is a material issue.
By deposition, Jones acknowledged his understanding that the proceeds from the Supreme loan were to be used to pay off debts of Colonial Woods. Jones did not deny that said funds were actually used for their intended purpose but merely stated that he did not know what had been done with the funds. Jones also concedes in brief that "(t)o the extent that the proceeds were used to liquidate just debts of Colonial Woods, Dr. Jones claims no damages."[1]
The entire thrust of Jones' case is that he never got the $10,000. When viewed in the light of Baum's full explanation and Jones' admissions, it is clear that there is no real issue-whether or not Jones got the money, he got the benefit of it.
Summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. Aydell v. Charles Carter & Company, Inc., 388 So.2d 404 (La.App. 1st Cir. 1980); City of Baton Rouge v. Cannon, supra; Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir. 1972), writ refused 261 La. 462, 259 So.2d 914 (1972).
It is evident that there are no genuine issues of material fact and that Noel B. "Butch" Baum is entitled to summary judgment as a matter of law.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings are to be paid by George H. Jones.
AFFIRMED.
NOTES
[1] The law allows a "benefit of the funds" defense. LSA-R.S. 10:3-404. Whitney Trust & Savings Bank v. Jurgens-Fowler Co., 180 La. 445, 156 So. 460 (1934). See also Nationwide Finance Co. of Gretna, Inc. v. Pitre, 243 So.2d 326 (La.App. 4th Cir. 1971).