403 So.2d 806 (1981)
Laverne TIPTON, Plaintiff-Appellant,
v.
Dr. Clinton LEWIS, et al, Defendants-Appellees.
No. 14591.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
*807 Glenn F. Armstrong, Bossier City, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Shreveport, for defendants-appellees.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
This medical malpractice action was brought by Laverne Tipton against Dr. Clinton Lewis; his employer, Willis-Knighton Memorial Hospital; and Dr. Russell Rigby for their alleged negligence in the treatment of plaintiff's husband, Hollis L. Tipton. Plaintiff has appealed from the sustaining of a motion for summary judgment dismissing her demands against defendants. We reverse and remand for the reasons assigned.
In January of 1977, Mr. Tipton consulted Dr. Rigby complaining of stomach trouble, back pain, and pain in his left chest and arm. He had a history of an ulcer several years earlier. Dr. Rigby admitted Tipton into Willis-Knighton Hospital for evaluation and treatment. After extensive testing, including X-rays which were read and interpreted by Dr. Clinton Lewis, a radiologist, a diagnosis of peptic ulcer was made and Dr. Rigby treated the patient for this condition. In May of 1978, Tipton was readmitted into Willis-Knighton Hospital where two urologists, Drs. Yearwood and Kerlin, examined him and reviewed the X-rays made the previous year. Based on the X-rays these two doctors located a growth the size of a golf ball on Tipton's right kidney. New X-rays were made from which it was found that the growth had increased to the size of an average man's head. He underwent kidney surgery in June of 1978, but ultimately died in October of that same year.
Plaintiff's petition alleges that Dr. Rigby and Dr. Lewis collaborated and were negligent in their examination and interpretation of the test results made on her husband in 1977, which she contends resulted in his experiencing further pain and suffering and eventual death. She further alleges that defendants' procedures and diagnosis deviated from the standard of care and degree of skill ordinarily employed under similar circumstances by medical practitioners in good standing with the Shreveport general community.
Plaintiff's claim was reviewed by a Medical Review Panel pursuant to the provisions of La.R.S. 40:1299.41 et seq. The panel rendered an opinion on May 5, 1980, which concluded that the evidence did not support plaintiff's charges that the defendants, Dr. Russell Rigby and Willis-Knighton Hospital failed to meet the applicable standard of care in treating Hollis Tipton, and that the conduct complained of was not a factor of the asserted resultant damages.
On December 4, 1980, plaintiff filed the instant suit against defendants, who subsequently filed a motion for summary judgment on January 7, 1981, alleging that there is no material issue of fact with regard to plaintiff's allegations of negligence as against defendants. In support of their motion for summary judgment, defendants attached thereto a copy of the Medical Review Panel's opinion. Plaintiff filed an answer to defendants' motion denying the allegations thereof. No affidavits or other evidence in rebuttal of defendants' motion were made.
On appeal, plaintiff contends the trial court erred in failing to recognize a true conflict in the evidence filed in response to the motion for summary judgment and in relying solely on the Medical Review Panel's finding and ruling, rather than determining if a genuine issue of fact existed.
Appellees contend plaintiff's response to the motion for summary judgment is inadequate to contradict the proof offered by defendants because plaintiff did not present any affidavits or other evidence to establish the required standard of care, or that defendants negligently failed to follow the *808 required standard of care pursuant to La. R.S. 9:2794.[1]
La.C.C.P. Arts. 966 and 967 contain the statutory provisions for summary judgment.
Art. 966 provides:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Art. 967 provides in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
A party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts as to the absence will be decided in favor of a trial on the merits and no summary judgment will be granted, even if the trial court has grave doubt regarding a party's ability to establish disputed facts. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979); Jones v. American *809 Bank and Trust Company, 387 So.2d 1360 (La.App. 1st Cir. 1980). La.C.C.P. Art. 967.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all genuine issues of material fact. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Jones v. American Bank and Trust Co., supra.
As provided for in La.R.S. 40:1299.47(H)[2] any report of the expert opinion reached by the medical review panel shall not be conclusive.
The entire thrust of defendants' motion for summary judgment is based on the medical review panel's opinion which by statute is not conclusive evidence. We find that the evidence presented by defendants' motion is not sufficient to resolve all genuine issues of material fact.
For the foregoing reasons, the trial court judgment is reversed and the matter is remanded to the trial court for further proceedings. Costs of this appeal is assessed to appellees.
NOTES
[1] La.R.S. 9:2794

A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
B. Any party to the action will have the right to subpoena any physician or dentist either for a deposition and/or testimony for trial to establish the degree of knowledge or skill possessed or degree of care ordinarily exercised as described above without obtaining the consent of the physician or dentist who is going to be subpoenaed. The fee of the physician or dentist called for deposition and/or testimony under this Section will be set by the court.
C. In medical malpractice actions the jury shall be instructed that the plaintiff has the burden of proving, by a preponderance of the evidence, the negligence of the physician or dentist. The jury shall be further instructed that injury alone does not raise a presumption of the physician's or dentist's negligence. The provisions of the Section shall not apply to situations where the doctrine of res ipsa loquitur is found by the court to be applicable.
[2] La.R.S. 40:1299.47(H)

Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this Part.