415 So.2d 223 (1982)
Mrs. Mary Katherine JONES and James E. Jones, Plaintiffs-Appellants,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants-Appellees.
No. 14807.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
*224 Jack D. Barnett, Shreveport, for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendant-appellee, Prudential Ins. Co. of America.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for defendant-appellee, Cameron Iron Works, Inc.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
Plaintiffs appeal from the ruling of the trial court granting defendant insurer's motion for summary judgment and dismissing plaintiffs' suit seeking maternity benefits under a group hospitalization policy issued by defendant to plaintiff husband's former employer. Finding that there are genuine issues of material fact precluding a finding that defendant is entitled to judgment as a matter of law, we reverse and remand for further proceedings.
Plaintiff James Jones had been employed by Cameron Iron Works, Inc. (Cameron) for approximately 10 years. He and his dependents were covered under a group hospitalization policy issued to Cameron by the defendant. Because the policy did not cover medical expenses incurred in a normal pregnancy, plaintiffs purchased optional maternity expense insurance provided by the defendant which generally covered hospital expenses and the doctor's fee for the obstetrical procedure.
Effective April 29, 1979, the group hospitalization policy was modified to treat pregnancy as any other illness covered by the policy. Cameron notified its employees of the modification in the policy and advised that the optional maternity insurance could be canceled and that the cancellation would not affect the new benefits under the group medical policy. On May 22, 1979 plaintiff husband signed a cancellation of his optional maternity insurance but, because he had some question about the effect of the cancellation, he did not put an effective date for the cancellation in the blank provided. The plaintiff alleges that he enclosed with his cancellation notice a note requesting that he be notified if there was any reason for him to keep the optional maternity insurance. There is no indication in the record that the defendant insurer or the employer responded to plaintiff's request for information.
Plaintiffs were involved in an automobile accident on May 23, 1979 in which plaintiff James Jones sustained injuries which eventually resulted in his total disability. Plaintiff continued to work for Cameron but frequently required the assistance of other employees in order to complete his job duties. By August 1979 Cameron had acknowledged that plaintiff was no longer able to actively engage in work on a full-time basis. Plaintiff was terminated from his employment on September 17, 1979 for "unsatisfactory job performance."
Mary Katherine Jones became pregnant in late August 1979, prior to the time her husband was discharged from Cameron. Plaintiffs believed that the defendant would pay maternity expenses under the group policy but were later advised by an employee of the hospital chosen for the delivery that defendant would not pay medical expenses because plaintiffs were no longer covered under Cameron's group policy. Plaintiffs then filed suit seeking a judgment declaring that the group policy covered medical expenses which would be incurred in the delivery of plaintiffs' baby and also seeking penalties and attorney fees.
*225 Plaintiffs' baby was born May 3, 1980, prior to the time this matter was decided below. Plaintiffs filed a supplemental and amending petition seeking reimbursement of maternity expenses alleged to be covered under the group policy. Defendant filed a motion for summary judgment to which were attached pertinent excerpts from the group policy, the depositions of the plaintiffs and the cancellation of optional maternity expense insurance signed by James Jones. Defendant alleged that plaintiffs' coverage under the group policy terminated at the end of the month in which Jones's employment with Cameron terminated and that plaintiffs' optional maternity expense insurance had been canceled effective May 22, 1979.
Plaintiffs filed an opposition to the motion alleging that the cancellation form signed by James Jones was invalid and asserting that plaintiffs were still covered individuals under the Cameron group policy.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. A summary judgment is warranted only when reasonable minds must inevitably conclude from the facts before the court that the mover is entitled to judgment as a matter of law. The mover must carry the burden of showing that there is not a genuine issue of material fact in dispute. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La. 1981) and cases cited therein. After reviewing the pleadings and other documents submitted by the parties we find that there are at least two issues of material fact which cannot be resolved by reference to the information contained in the record.
The first factual dispute arises in connection with the alleged cancellation by Jones of his optional maternity expense insurance. As noted above, Jones did not assign an effective date for cancellation of coverage in the blank provided for that purpose on the cancellation form. The fact that he did not complete the cancellation form and the fact that he requested that he be informed if he needed to keep the optional maternity coverage raises the question of whether the plaintiff conditioned his cancellation of the optional maternity coverage upon further advice as to whether he needed to retain it. The effective date of the cancellation was not filled in on the form by the insurance company and remains blank. The record does not show whether Jones continued to pay premiums for this coverage. There is a genuine issue of material fact regarding whether the optional maternity coverage was effectively canceled. This factual dispute is not satisfactorily resolved by Jones's deposition, the incomplete cancellation form, or by other information contained in the record.
The second factual dispute concerns the effect of the termination of plaintiff's employment on the termination of insurance coverage under the group hospitalization policy. Under the terms of the group hospitalization policy, an employee's dependents remain covered under the policy as long as the employee remains a covered individual. The policy provides that an employee's insurance automatically terminates when his employment is terminated. An employee's employment is deemed to terminate when the employee is no longer actively engaged in work on a full-time basis; provided, however, that the policyholder (Cameron) may consider the employee as not having terminated his employment for insurance purposes when the employee's absence from work is due to disability.
Although Jones's termination notice states that he was discharged for unsatisfactory job performance, his deposition indicates that, because of his disability, he was no longer able to perform many of the duties required by his job. Plaintiffs contend on appeal that Jones's absence from work is due to his disability while defendant contends that Jones was discharged while *226 he was disabled but not because he was disabled.
Whether Jones was discharged for inability due to his disability to perform the necessary duties of his job or for some other reason may be relevant to the determination of whether he is still an insured under the group policy. Additionally, Cameron's policy regarding continuation of insurance benefits for employees absent from work because of disability may be relevant. Defendant has not carried its burden of showing that there are not issues of material fact in dispute relating to termination of coverage under the group policy.
There are material fact issues yet to be resolved, and defendant is not entitled to judgment as a matter of law.
For the reasons assigned the judgment of the trial court granting defendant's motion for summary judgment is reversed, the motion for summary judgment is overruled, and this case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the defendant, The Prudential Insurance Company of America.
Reversed and remanded.