COVINGTON, Judge.
This is a devolutive appeal from a judgment of the trial court granting the motion for summary judgment in favor of defendants, Delphine Mercedes Esponge Dufrene and Enola Dufrene Danos[1], against the plaintiffs, Richard J. Dufrene and Harold J. Dufrene, dismissing their suit to terminate their mother’s usufruct over the business known as “Dufrene’s Jewelry.”
The suit was brought by the Dufrene sons against their mother and sister seeking the termination of Mrs. Dufrene’s usufruct over Dufrene’s Jewelry based on alleged waste and abuse of the usufruct. The gist of plaintiffs’ claim is set out in paragraphs 4 and 5 of their amended petition, amending paragraphs 13 and 15 of the original petition, as follows:
*202 “Paragraph 13 of the plaintiffs’ petition is hereby amended to read as follows: “ ‘Upon information and belief, and in view of the foregoing, petitioners believe that the usufructuary, defendant, Del-phine Mercedes Esponge Dufrene, is committing waste on the business known as Dufrene’s Jewelry, by allowing, condoning and supporting the acts of the said Eroy Danos as described above; and is neglecting to properly maintain the business and is abusing the enjoyment of her usufruct by allowing the actions of Eroy Danos described above to take place. All of this is to the detriment of the naked owners, the petitioners herein, Richard J. Dufrene and Harold J. Dufrene. As usu-fructuary, defendant Delphine Mercedes Esponge Dufrene is responsible for the prudent management of the store. Defendant, Delphine Mercedes Esponge Du-frene, has no business experience or education, nor is she qualified to manage or supervise the management of the business known as Dufrene’s Jewelry. By allowing the above described actions of Eroy Danos, she is abusing the enjoyment of her usufruct.’
“Paragraph 15 of the plaintiffs’ petition is hereby amended to read as follows: “ ‘Defendant, Enola Dufrene Danos, as a co-owner of the naked ownership in indi-visión of the store known as Dufrene’s Jewelry, has a substantial interest in the outcome of this proceeding, and the inclusion of her as a party in this suit is absolutely necessary to protect her rights in the property. Petitioners, Richard J. Dufrene and Harold J. Dufrene, have invited defendant, Enola Dufrene Danos, to participate in this proceeding as a co-plaintiff due to her status as an indispensable party to this action. Defendant, Enola Dufrene Danos, has refused to join in this action; consequently, petitioners have joined her as a party defendant.”
The basis for defendants’ motion for summary judgment was stated generally “as will appear from the pleadings, the attached affidavits of Delphine Mercedes Es-ponge Dufrene and Edward J. Ayo, including their attachments (Judgment of Possession and Inventory in the Succession of Gilbert Dufrene), there is no genuine issue as to material fact, insofar as plaintiffs’ demand against movers is concerned, and that movers are entitled to summary judgment rejecting the plaintiffs’ demand against them as a matter of law.” The plaintiffs filed a memorandum in opposition. The pertinent portion of the pleadings has been set out above. The defendants denied the quoted allegations in their answer. The Judgment of Possession recognizes Mrs. Dufrene as the surviving spouse and sends her into possession of an undivided one-half interest in the business known as Dufrene’s Jewelry (along with other movable and immovable property), and recognizes her legal usufruct over the other half of said property. The children were recognized as the sole legal heirs and sent into possession of the other half of the community property, subject to their mother’s usufruct. The inventory appraised the value of the business at a figure of $6,643.83. There were affidavits of Mrs. Dufrene (who signs by her mark, with her daughter as one of the witnesses) and of Edward J. Ayo, who stated that he was the accountant and bookkeeper of Dufrene’s Jewelry, and that the business was “a sole proprietorship” of Mrs. Dufrene and that the net worth of the business increased from $119,742.66 in 1975 to $143,458.49 in 1979.
Mrs. Dufrene’s affidavit is as follows:
“STATE OF LOUISIANA
“PARISH OF LAFOURCHE
“BEFORE ME, the undersigned authority, personally came and appeared Del-phine Mercedes Esponge Dufrene, who after being duly sworn, did depose and say:
“That she is the widow of the late Gilbert Dufrene; that she is the mother of Richard J. Dufrene, Harold J. Dufrene and Enola Dufrene Danos; that at the time of the death of her husband she was placed in possession of the business known as Dufrene’s Jewelry as the owner of an undivided one-half Qh) interest and *203 as the usufructuary of the other undivided one-half (Va) interest; that the Du-frene’s Jewelry business has been continuously operated since the death of her husband until the present time as a sole proprietorship in her own name; that her three children primarily managed the business until 1975; since that time the business has been managed by Enola Du-frene Danos and her husband, Eroy Da-nos; that her other children, Richard J. Dufrene and Harold J. Dufrene, have each established his own jewelry store in competition with her; and that the sole source of her income since the death of her husband has been from the business known as Dufrene’s Jewelry, except social security during the last two years. (Delphine Mercedes Esponge Dufrene, not knowing how to sign her name, has hereunto affixed her ordinary mark.)
“Witnesses to mark:
“/s/ Enola D. Danos _/s/x_ Delphine E. Dufrene
“/s/ Kevin Danos_
“Sworn to and subscribed before me this 11th day of the month of February, 1981.
“/s/ Maurice J. Serpas
“Notary Public”
Mr. Ayo’s affidavit is as follows:
“STATE OF LOUISIANA
“PARISH OF LAFOURCHE
“BEFORE ME, the undersigned authority, personally came and appeared Edward J. Ayo, who after being duly sworn, did depose and say:
“That he is a resident of legal age of the Parish of Lafourche, State of Louisiana; that he is an accountant; that he has engaged in the accounting practice for over thirty-five (35) years; that he has attended numerous seminars, both private and sponsored by the United States Internal Revenue Service; that he has been the accountant and bookkeeper for the business known as Dufrene’s Jewelry for over fourteen (14) years; that said business is a sole proprietorship being owned by Mrs. Delphine Mercedes E. Du-frene; that the net profits from the aforesaid as shown on the profit and loss statements as prepared by him and attached to the tax returns were:
“1975 $ 9,862.12
1976 $16,099.55
1977 $11,325.03
1978 $10,134.32
1979 $10,658.07
“that the net worth of Dufrene’s Jewelry has increased from $119,742.66 in 1975 to $143,458.49 in 1979; that he has prepared the attached balance sheets dated December 31,1975 and December 31,1979; that as part of his services, he reconciles the bank statements; and that he not only handles the filing of all sales tax, labor and other reports but also prepares the personal income tax returns for Mrs. Del-phine Mercedes E. Dufrene.
“/s/ Edward J. Ayo
“Sworn to and subscribed before me this 14th day of the month of February, 1981.
“/s/ L. Charles Caillouet
“Notary Public
“Dufrene’s Jewelry
Mercedes Dufrene
P O Box 428
Cut Off La 70345
“Balance Sheet — December 31, 1979
“ASSETS:
Cash on Hand and In Bank 1396.61
Accounts Receivable 6000.00
Inventory 180831.14
Building 77083.58
Reserve for Depreciation 24281.37 52802.21
Air Conditioning Unit 12939.35
Reserve for Depreciation 11645.46 1293.89
Furniture & Fixtures 36344.85
Reserve for Depreciation 32610.41 3734.44
Sign 1036.10
Reserve for Depreciation 932.49 103.61
Engraver 699.89
Reserve for Depreciation 489.63 210.26
Sign-June 1977 582.40
Reserve for Depreciation 145.60 436.80
Total Assets = = = = = = = — — 246808.96
*204 “LIABILITIES:
Accounts Payable Unknown
Notes Payable - Citizens Bank & Trust Co. 61191.25
Notes Payable - Eroy Danos 42159.22
Total Liabilities = = = = = = = = 103350.47
Net Worth = = = = = = = = = 143458.49
246808.96
“The land that the building is situated on is not included in the business balance sheet on account of it being owned in indivisión.
“Submitted by,
“/s/ Edward J. Avo
“Edward J. Ayo
“Accountant
“Dufrene Jewelry
Mercedes Dufrene
P 0 Box 428
Cut Off La 70345
“Balance Sheet — December 31, 1975
“ASSETS:
Cash on Hand and In Bank (8720.74)
Accounts Receivable 6000.00
Inventory 152076.90
Building 77083.58
Reserve for Depreciation 13489.65 63593.93
Air Conditioning Unit 12939.35
Reserve for Depreciation 6469.70 6469.65
Furniture & Fixtures 36344.85
Reserve for Depreciation 18072.45 18272.40
Sign 1036.10
Reserve for Depreciation 518.05 518.05
Engraver 699.89
Reserve for Depreciation 209.97 489.92
Total Assets = = = = — — — — 238700.11
“LIABILITIES:
Accounts Payable Unknown
Notes Payable - Citizens Bank & Trust Co. 118957.45
Total Liabilities = = = = = = = 118957.45
Net Worth = = = = = = = = = 119742.66
238700.11
“The land that the building is situated on is not included in the business balance sheet on account of it being owned in indivisión.
“Submitted by,
“/s/ Edward J. Avo
“Edward J. Ayo
“Accountant.”
On March 11, 1981, the trial court held a hearing on the motion for summary judgment and the motion to compel production of documents. It took the matter under advisement and granted the summary judgment of which the plaintiffs complain on this appeal, signing it on May 8. The court did not render a decision on the rule to compel production.
The judge found that no genuine issue as to material fact existed. His judgment states that the sworn affidavit of the accountant and the other exhibits indicated that Dufrene’s Jewelry had prospered greatly during the usufruct of Mrs. Du-frene. However, such a statement does not take into account all of the serious allegations of the plaintiffs against their mother, their sister and their sister’s husband.
A reading of the pleadings, the affidavits, the judgment of possession and the inventory convinces us that the trial court committed error in granting the defendants’ motion. The case is not in a posture for summary judgment. The affidavits do not discount plaintiffs’ serious allegations in this suit. The supporting documents presented by defendants are insufficient to resolve all material fact issues. The record, as it now stands, shows us that there is a genuine issue of material facts. LSA-C.C.P. art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Tipton v. Lewis, 403 So.2d 806 (La.App. 2 Cir. 1981). All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1 Cir. 1980), writ denied, 397 So.2d 1359 (La.1981).
We do not believe that the record establishes that there has been no waste or abuse of the assets of the business. LSA-C.C. art. 623. Therefore, a trial on this issue, as well as on any of the other pertinent issues that may develop at the trial on the merits, will be necessary.
This Court plainly stated in Fly v. Hand, 376 So.2d 1016, 1020 (La.App. 1 Cir. 1979):
*205 “From our observation, summary judgments are sparingly granted. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving only issues of law; hence, the mover for summary judgment has a heavy burden of proving that there is no genuine issue of material fact. In determining the genuineness of the issue, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1 Cir. 1975).”
See also Gulf-Wandes Corporation v. Vinson Guard Service, Inc., supra.
Accordingly, the judgment appealed is reversed and the case is remanded for a trial on the merits. If it is necessary for the trial court to rule on the motion to produce documents, that matter can be presented to it; the trial judge pretermitted that issue in his dismissal.
The costs of this appeal are to be paid by defendants-appellees. All other costs are to await final determination of the case.
REVERSED AND REMANDED.

. Eroy Danos, husband of Enola Dufrene Da-nos, was also named as a defendant in the suit in a claim for damages. He did not join in the motion for summary judgment and was not mentioned in the judgment.