458 So.2d 992 (1984)
William SWINDLE, Plaintiff-Appellee,
v.
HAUGHTON WOOD COMPANY, INC., et al., Defendants-Appellants.
No. 16542-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
*993 James D. Hall, Bossier City, for plaintiff-appellee.
Loridans, Beresko & Loridans by Alfred R. Beresko, Bossier City, for defendants-appellants.
Rountree, Hicks & Cox by Dale G. Cox, Shreveport, for third party defendant.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Haughton Wood Co., Inc., Margaret Pursley, D.J. Pursley and John Gardner, original defendants and third party plaintiffs in this action for damages appeal the trial court's granting of a summary judgment in favor of third party defendant, Western Preferred Casualty Company. For the reasons hereinafter expressed we reverse and remand.
Plaintiff, William Swindle, filed suit in Bossier Parish for damages against appellants claiming they "and/or their agents and/or employees" violated a timber deed by harvesting hardwood trees from plaintiff's property. Plaintiff alleges that in May of 1981 his ancestor in title, Mrs. Martha Lowery Swindle, granted a timber deed to defendant, Haughton Wood Co., Inc., which gave it the right to cut all pine timber seven inches and above on a tract of land owned by her in Bossier Parish, that in October of 1981 a large number of hardwood trees were being cut by the defendants through their agents or employees, in violation of the timber deed, that he notified Mrs. Margaret Pursley of the Haughton Wood Co., Inc. to cease any further operations until the matter could be resolved, but that despite this notification the defendants continued to remove timber from the property.
The original defendants filed a dilatory exception of vagueness and lack of procedural capacity. Also, an answer was filed on behalf of the original defendants by an attorney for Western Preferred Casualty Company which attorney later withdrew claiming that his company's insurance policy did not provide coverage for this incident.
*994 Plaintiff then supplemented and amended his original petition to satisfy the objections raised by defendants in their exception and also therein alleged that the Pursleys were the owners and operators of Haughton Wood Co., Inc. and that their agents and/or employees, specifically Gardner, cut and removed the hardwood timber from plaintiff's property at the request of these three defendants and pursuant to their instructions. Appellants answered denying these allegations. They further responded that they only cut pine timber seven inches and above and that unknown persons, not connected with Haughton Wood or any of the defendants, had been observed cutting hardwood trees from the property for use as firewood. Appellants also filed a third party action against Western Preferred Casualty Company alleging that Haughton Wood Co., Inc., was insured by a policy of liability insurance issued by Western Preferred Casualty Company alleging that Haughton Wood Co., Inc., was insured by a policy of liability insurance issued by Western Preferred covering any and all acts for which it might be found liable as a result of plaintiff's suit. Appellants claim that if they should be found liable to plaintiff for any amount whatsoever, then they are entitled to full indemnification from Western Preferred.
Western Preferred answered the third party petition and subsequently filed a motion for summary judgment based on the premise that plaintiff's petition alleged an intentional act for which its policy excluded coverage. In opposition to the motion, appellants filed an affidavit executed by Margaret Pursley stating that as secretary-treasurer of Haughton Wood Co., Inc., she was authorized to execute timber deeds for the corporation and to obtain services of persons to cut timber and that, in said capacity, she entered into an agreement with John Gardner to harvest all pine timber seven inches and above from the Swindle property. The affidavit further stated that she never authorized John Gardner to cut any hardwood timber from the Swindle property and that she never personally visited the Swindle property while harvesting operations were taking place.
The lower court granted the motion for summary judgment based upon its finding that the original plaintiff's petition alleged an intentional act on behalf of the defendants and that the policy of insurance issued by Western Preferred Casualty excluded coverage for intentional acts. Judgment was rendered dismissing appellants' third party demand for indemnification with prejudice. It is from that ruling this appeal was taken.
The issue on appeal is did the mover carry its burden of showing that there was no genuine issue of material fact and was mover entitled to summary judgment as a matter of law.
La.C.C.P. art. 966 provides:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence of this state has been consistent in its interpretation of this article. A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with *995 the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Bartlett v. Calhoun, 430 So.2d 1358 (La.App. 3d Cir.1983); Jones v. Prudential Ins. Co. of America, 415 So.2d 223 (La.App. 2d Cir.1982); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir. 1980), writ denied 393 So.2d 746, and others. The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Jones v. Prudential Ins. Co. of America, supra; Tipton v. Lewis, 403 So.2d 806 (La.App. 2d Cir.1981).
In short, a summary judgment is no substitute for a trial on the merits. Hebert v. Vice, 413 So.2d 342 (La.App. 3d Cir. 1982); Millet v. Johnson, 381 So.2d 1293 (La.App. 4th Cir.1980).
A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of a legal dispute. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). Therefore, the question of whether any damages which occurred were the result of an intentional act on the part of Haughton Wood Company, Inc. or the Pursleys is a material fact, as it will preclude or insure recovery under provisions of the insurance policy.
The policy provisions pertinent to this controversy provide in essence:
(a) That the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage caused by an occurrence;
(b) An occurrence means an accident which results in property damage neither expected nor intended from the standpoint of the insured; and
(c) The term insured includes Haughton Wood Co., Inc., its executive officers, directors or stock holders acting within the scope of their duties.
Almost identical language was considered in McBride v. Lyles, 303 So.2d 795 (La.App. 3d Cir.1974). The plaintiff in McBride sued for personal injuries sustained in a fight with several minors. The defendant insurer denied coverage under homeowner policies issued to two of the defendant-fathers, contending that the policies excluded coverage for intentional injuries inflicted by persons defined as insureds thereunder. The policy provision relied upon by the insurer excluded coverage of "bodily injury or property damage which is neither expected nor intended from the standpoint of the insured." The court noted that the language of this exclusion "dealt with a narrow area of damages or injuries `expected or intended from the standpoint of the Insured' only not any expected or intended damages or injuries." (Emphasis added). It then concluded:
No person can insure against his own intentional acts. Public policy forbids it. Baltzar v. Williams, [254 So.2d 470], supra. But public policy does not forbid one to insure against the intentional acts of another for which he may be vicariously liable.
* * * * * *
... The fathers are the insureds for purposes of this analysis. The injuries suffered by the plaintiff were not intended or expected from the standpoint of the insureds. Therefore the exclusion does not apply ...
See also, White v. LeGendre, 359 So.2d 652 (La.App. 1st Cir.1978); Baltzar v. Williams, 254 So.2d 470 (La.App. 3d Cir.1971).
Plaintiff's cause of action alleges that Haughton Wood Co., Inc. and the Pursleys instructed their agents and/or employees, specifically Gardner, to cut hardwood timber from the subject tract in violation of the terms of the timber deed. Appellants' answer and the affidavit in opposition to *996 third party defendant's motion for summary judgment puts squarely at issue the material fact of whether Haughton Wood Co., Inc. and the Pursleys authorized or intended such action, if committed at all, by Gardner or any of their agents or employees. Third party defendant, Western Preferred, offered no evidence in support of its motion for summary judgment other than a copy of the insurance policy and an affidavit certifying to its correctness. It attempts to rely solely on the allegations of plaintiff's petition to show that the damage complained of was expected or intended from the standpoint of the insured and ignores the other pleadings and affidavit in opposition to its motion contrary to the admonition of La.C.C.P. art. 966. See also, Jones v. Prudential Ins. Co. of America, supra.
When we look to the "occurrence" complained of from the standpoint of the insureds in the instant case and consider all the pleadings and the affidavit on file, we find a genuine issue of material fact as to whether or not the insureds intended or expected the damage plaintiff complains of. The determination of this crucial factual issue deserves a trial on the merits and cannot be solely governed by the allegations of plaintiff's petition.
The appellee cites Thibodeaux v. Western World Insurance Company, 391 So.2d 24 (La.App. 3d Cir.1980); Bacon v. Diamond Motors, Inc., 424 So.2d 1155 (La. App. 1st Cir.1982); Young Oil Company of Louisiana, Inc. v. Durbin, 412 So.2d 620 (La.App. 2d Cir.1982), in support of the ruling by the trial court. However, these cases are clearly distinguishable from the instant situation. In Thibodeaux the court found no coverage only after a full trial on the merits which revealed an intentional trespass has occurred. In Bacon, insurance coverage for faulty repairs was denied by summary judgment because such repairs clearly fell within a specific exclusionary clause of the policy. Young stands for the proposition that an insurer's duty to defend a suit is predicated on the allegations of the plaintiff's petition. The insurer's duty to defend is not at issue here. The issue is indemnification.
We conclude that mover has failed to carry its burden of proof to show that there exists no genuine issue of material fact and that it was entitled to summary judgment as a matter of law. Accordingly, we reverse the granting of summary judgment in favor of Western Preferred Casualty Company and remand to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.