530 So.2d 1166 (1988)
Virgil J. EBARB, Plaintiff-Appellant,
v.
William ERWIN, et al., Defendants-Appellees.
No. 19651-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Watson, Murchison, Crews, Arthur & Corkern by Steven D. Crews, Natchitoches, for plaintiff-appellant, Virgil J. Ebarb.
Gahagan & Conlay by Henry C. Gahagan, Jr., Natchitoches, for defendant-appellee, Worldsurance, Inc.
Blanchard, Walker, O'Quin & Roberts by Lawrence W. Pettiette, Jr., Shreveport, for defendant-appellee, Palmer Timber Co.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
*1167 SEXTON, Judge.
Plaintiff appeals the granting of a summary judgment holding that the defendant/appellee, Worldsurance, Inc., did not qualify as an insurer under the insurance code and therefore was not liable to plaintiff for worker's compensation benefits. We reverse and remand.
Virgil Ebarb, an employee of William Erwin, a contractor employed by Palmer Timber Company, tripped over a vine and fell. He thereby suffered an injury to his back. Mr. Ebarb thus filed the present suit against William Erwin, Palmer Timber Company, Worldsurance, Inc., Mentor Insurance Company and International Paper Company (with whom Palmer had an employment contract) alleging that each was liable to him for worker's compensation benefits. Palmer Timber Company filed a third party demand against Worldsurance.
Worldsurance then filed a motion for summary judgment alleging that it stood merely as a broker who arranged for coverage for Palmer Timber Company and that the actual insurer was Mentor Insurance Company. It therefore alleged that no genuine issue of material fact existed as to Worldsurance's liability on the policy as it was merely a broker. The trial judge granted the motion which forms the basis for the present appeal.
Worldsurance, Inc. claims to have been a surplus line broker that procured insurance coverage for Palmer through Mentor Insurance Company, who they claim provided them with a fund from which to pay worker's compensation benefits. However, Mentor Insurance has become insolvent. The plaintiff claims that Worldsurance was actually the insurer and should be liable for the benefits.
LSA-C.C.P. Art. 966 provides for summary judgment and reads as follows:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Jones v. Prudential Insurance Company of America, 415 So.2d 223 (La. App. 2d Cir.1982). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Swindle v. Haughton Wood Co., Inc., supra; Jones v. Prudential Insurance Company of America, supra.
In the instant case, the trial court determined that there was no material issue of fact as to the actual insurer in this case. The trial court's written opinion states as follows:

*1168 [I]t is clear in the instant case that reasonable minds could not differ on the facts establishing that defendant, Worldsurance, Inc., was at all times a broker, and did not itself make nor issue a contract for Worker's Compensation coverage to Palmer Timber Company. The fact that the policy and certificates of insurance had the Worldsurance names stamped on them is not sufficiently dispositive to reach a conclusion that Worldsurance was the insurer.
The trial court further held that the plaintiff's opposition to defendant's motion for the summary judgment was insufficient to rebut the Worldsurance affidavits that Worldsurance was only a broker.
The liability of Worldsurance, Inc. hinges upon whether or not it may be classified as an "insurer" under Title 22 of the Louisiana Revised Statutes.
LSA-R.S. 22:5(2) which defines "insurer" reads as follows:
"Insurer" includes every person engaged in the business of making contracts of insurance, other than a fraternal benefit society. A reciprocal, an inter-insurance exchange or a Lloyds organization is an "insurer". Any person who provides an employee benefit trust as specified in R.S. 22:5(1) is an insurer.
The Louisiana Supreme Court in Killebrew v. Abbott Laboratories, 359 So. 2d 1275 (La.1978), the only case which we could locate addressing the issue of what constitutes an insurer, set forth certain criteria which should be reviewed in this determination. First, the company must engage in the business of making contracts of insurance. Secondly, the company must make a profit from its activities and, finally, the company must either advertise or solicit insurance business or hold itself out as a commercial insurer. After reviewing these criteria in light of the facts of this case, we find that there remains a question of fact as to whether or not Worldsurance acted as an insurer in this case.
Worldsurance presented the affidavit of William F. McCune, the manager of Surplus Lines of the Office of the Commissioner of Insurance. He stated therein that Worldsurance was a registered broker in the state of Louisiana from August 21, 1973 to April 3, 1984, that Worldsurance was not, on April 3, 1984 or prior to that date, an insurance company authorized to do business in Louisiana, and was not a surplus line insurer doing business in Louisiana. Additionally, Worldsurance provided the affidavit of its senior vice-president who stated his personal familiarity with the insurance coverage of Palmer Timber Company. He further stated that Worldsurance did not provide a policy of worker's compensation insurance for Palmer Timber Company and that at all times Worldsurance was a broker and was "not in the business of insuring risk and was therefore not an insurance company."
Additionally, there is some documentary indication that Mentor was the insurer under the policy. This information is contained in the endorsements attached to the certificate of insurance issued to Palmer Timber Company by Anthony-Bryan Insurance Company, Palmer's agent, and a separate certificate of insurance issued by Worldsurance and in effect at the time of the accident. The trial judge attached importance to these endorsements and felt that these along with the provisions of LSA-R.S. 22:1258, which specifically require that surplus line coverage in an insurance contract be stamped on the policy, were dispositive of the issue of whether or not Worldsurance was an insurer.
Although at first glance the affidavits appear to suggest that Worldsurance was simply a surplus line broker in this instance, a closer view of the entire matter creates doubt on this issue. The certificate of insurance in effect at the time of the accident only contains reference to Worldsurance. There is no mention of Mentor Insurance Company thereon. A copy of said certificate of insurance is reproduced below:
*1169 
Also, the deposition of a Worldsurance Insurance employee, Theresa Bonvillian, demonstrated that Worldsurance issued and prepared the certificates to the insured, Palmer Insurance Company. Worldsurance would do all investigating, handle all claims, issue all checks and pay any benefits that were due to the insured relevant to worker's compensation claims. The deposition of Garrett Walsh, Jr., a stockholder in Palmer Timber Company, also reveals that Palmer dealt only with Worldsurance and not Mentor Insurance and, therefore, Palmer was under the impression that Worldsurance was the company's insurer. Additionally, although there are indications *1170 in the record that a fund was provided to Worldsurance by Mentor from which to pay the worker's compensation claims, the record demonstrates that the checks rendered to the insured in this case were drawn on the Worldsurance account.
The trial judge additionally concluded that LSA-R.S. 22:1258, which requires that surplus line coverage in an insurance contract be stamped on the policy, was another factor of importance in relieving Worldsurance of liability. However, LSA R.S. 22:1258 simply requires that surplus line insurance contracts be clearly labeled as such. We fail to see how this provision has any effect on whether or not Worldsurance was acting as a surplus line insurer at the time of the present incident.
Although affidavits were presented by Worldsurance suggesting that they were in fact only a broker, the evidence presented by the plaintiff/appellant in this case raises questions as to the status of Worldsurance. The actions of Worldsurance in issuing certificates of insurance, adjusting, paying out and writing checks for the claims raise doubt as to whether or not Worldsurance was at all times a broker.
This doubt is not obviated by the selfserving affidavit of an officer of the defendant company contending they are not an insurer, neither is it obviated by the affidavit of the executive in the office of the commissioner of insurance. He can only state what the knowledge of the office of insurance is. These statements do not preclude the possibility that Worldsurance may have engaged in the business of making a contract of insurance per LSA-R.S. 22:5(2) and as further defined in Killebrew v. Abbott Laboratories, supra.
Therefore, the judgment of the trial court is reversed and the case is remanded for further proceedings. All costs of this appeal are assessed against the defendantappellee, Worldsurance, Inc.
REVERSED and REMANDED.