Assuming without deciding that American Liberty Insurance Company ("ALIC") *Page 797 
is entitled to be subrogated to all of the Mathe Bernard Sumrall estate's rights and remedies and that Thomas E. Bryant, Jr.'s unauthorized signature constituted a forged indorsement within the meaning of §7-3-419, Ala. Code 1975 (as it read before the 1995 amendment), AmSouth Bank is not liable for conversion.
A common-law exception to a bank's liability for payment on a forged indorsement is when the money has reached the intended person. 9 C.J.S.Banks and Banking, § 418, at 394-95 (1996). While this principle of the common law has never been applied in Alabama, it has been recognized in many jurisdictions. See, e.g., Perini Corp. v. First Nat'l Bank ofHabersham County, Georgia, 553 F.2d 398, rehearing denied, 557 F.2d 823 (5th Cir. 1977); County Concrete Corp. v. Smith, 317 N.J. Super. 50, 57,721 A.2d 34, 38 (1998) ("If the funds obtained by the forgery reach the intended payee, the maker has suffered no injury and is not entitled to recover from the bank which paid on the forged endorsement . . . .");Stella v. Dean Witter Reynolds, Inc., 241 N.J. Super. 55, 68, 574 A.2d 468,cert. denied, 122 N.J. 418, 585 A.2d 412 (1990); Fulka v. FloridaCommercial Banks, Inc., 371 So.2d 521, 525 n. 7 (Fla.Dist.Ct.App. 1979);Clemens v. First Nat'l Bank of Berryville, 286 Ark. 290, 294-95,692 S.W.2d 222, 225 (1985); Jones v. American Bank Trust Co.,387 So.2d 1360 (La.Ct.App. 1980); Blomquist v. Zions First Nat'l Bank,N.A., 18 Utah 2d 65, 415 P.2d 213 (1966); Sundail Constr. Co. v. LibertyBank of Buffalo, 277 N.Y. 137, 142, 13 N.E.2d 745, 747 (1938).
There is no question that Bryant, as conservator of the Sumrall estate, was the intended payee. The injury suffered by the Sumrall estate occurred as a result of Bryant's conduct as conservator rather than AmSouth's method of negotiating the check. The situation here is analogous to that presented in County Concrete Corp. v. Smith, supra, where the court, relying on a previous decision in which it affirmed a judgment entered in a case where the proceeds from checks cashed with forged indorsements nevertheless reached the intended party, observed:
 "`In the present case, the funds paid on the forged endorsements were transmitted to Murray, where Sykes wanted them to go. He suffered no injury as the result of the Bank's action in paying on the forged endorsements. His injury was the result of his entrusting the funds to Murray and not the result of the manner in which they were transmitted.'"
317 N.J. Super at 58, 721 A.2d at 38 (emphasis added), quoting Stella v.Dean Witter Reynolds, Inc., 241 N.J. Super. at 68, 574 A.2d 475.
This common-law exception does not appear in Alabama's codification of the Uniform Commercial Code. However, § 7-1-103, Ala. Code 1975, an introductory provision to the Uniform Commercial Code, preserves supplementary general principles of law and equity ("Unless displaced by the particular provisions of this title, the principles of law and equity . . . shall supplement its provisions."). In Starkey Constr., Inc. v.Elcon, Inc., 248 Ark. 958, 457 S.W.2d 509 (1970), the Arkansas Supreme Court dealt with this very issue of the availability under the Arkansas counterpart to § 7-3-419 of the receipt of the funds by the intended payee as an exception to a bank's liability for conversion based upon payment on a forged indorsement. The court, in holding that the exception applied, stated:
 "We find no reference in the statute heretofore mentioned to the situation presented in the instant case, i.e., where the money actually reached the party intended by the drawer.
 "Of course, as pointed out by appellees, in attempting to codify a large body *Page 798 
 of law it is almost impossible to anticipate all the factual situations that may arise. And it is for this reason that courts have adopted the principle of statutory construction that a statute will not be construed so as to overrule a principle of established common law, unless it is made plain by the act that such a change in the established law is intended."
248 Ark. at 964-65, 457 S.W.2d at 513. Accord, Ambassador Fin. Servs.,Inc. v. Indiana Nat'l Bank, 605 N.E.2d 746 (Ind. 1992). I can see no basis to withhold availability of the common-law exception; therefore, the receipt of the funds by Bryant, as conservator, is a complete defense to ALIC's claim, as subrogee of the estate, against AmSouth for conversion pursuant to § 7-3-419.
I concur in Part B.2. of the majority opinion, concluding that the remedy afforded by § 7-3-419 displaces a common-law remedy for the claim here presented.