GUIDRY, Judge.
Plaintiff, Brenda Gail Cooper appeals from a judgment of the trial court awarding her alimony in the amount of $70.00 monthly and reducing a previously fixed child support award of $210.00 per month to $140.00 per month. The defendant has not appealed nor answered the plaintiff’s appeal.
Plaintiff initially filed suit for separation on January 28,1974 alleging as grounds for the separation cruel treatment by her spouse James William Cooper, defendant herein. A judgment of separation was taken by default on the 16th of April 1974.
Plaintiff, on May 30,1975, filed a petition for divorce setting forth that she and the defendant had not reconciled and that more than one year had elapsed since the judgment of separation. The court rendered judgment dissolving the marriage and granting plaintiff the permanent care and custody of the two minor children, Todd and Brent Cooper. The court further decreed that defendant should pay to plaintiff the sum of $210.00 monthly “for the support and maintenance of the minor children”. Subsequently, on August 25, 1975 plaintiff filed a petition for alimony alleging in support of her demand her freedom from fault and lack of means. The trial court determined that the plaintiff was entitled to alimony under the provisions of R.C.C. Art. 160 finding plaintiff to be without fault (Fulmer v. Fulmer, 301 So.2d 622, Sup.Ct., 1974) and that she had not sufficient means for her support. Having so concluded the trial judge in fixing the amount of the award stated in his reasons for judgment:
“Under all circumstances present, the Court is of the opinion $210.00 a month is all defendant can afford to pay from his income, whether it is called child support or alimony or both. It had previously been suggested to the Court that it all be called child support. Now that there is a demand that alimony be allocated as such, the Court hereby fixes child support at seventy dollars ($70.00) per child per month and alimony for plaintiff at seventy ($70.00) per month, or an aggregate of $210.00 per month, in child support ($140.00) and alimony ($70.00).”
Plaintiff on appeal contends that the trial court erred in reducing the amount of child support as previously fixed by judgment of *930 court dated July 28, 1975 when the only issue raised in the instant matter was the plaintiff’s entitlement to alimony for the support of herself. The plaintiff also contends that the trial court erred in finding that defendant was financially unable to pay the plaintiff no more than $70.00 per month in alimony.
The record reflects that the plaintiff was unemployed at the time of trial although she had recently been working temporarily as a waitress. The plaintiff indicated in her testimony that she is a trained beautician but unable to practice her trade due to an allergic reaction to hair spray. In short, the record reflects that plaintiff is without means of support.
In considering the defendant’s ability to pay alimony the trial court found that the defendant had net earnings during the first ten months of 1975 which amounted to $6,692.53 or an average monthly net income of $669.25. In 1974 the defendant had an average net monthly income of $820.07. The defendant is steadily employed by an oil field trucking firm.
The trial court evaluated all of the circumstances, together with the fact that defendant was presently paying child support, and determined that the plaintiff was entitled to alimony for herself in the amount of $70.00 per month. Finding however, that defendant was unable to pay more than $210.00 monthly in alimony and child support' the trial judge reduced the previously fixed child support award from $210.00 monthly to $140.00 monthly.
We find no manifest error in the trial court’s factual findings and conclusions that plaintiff is entitled to alimony; that an award of $70.00 is reasonable; and, that defendant is only able to pay $210.00 per month in both alimony and child support. We do find error, however, in the trial court’s reduction of the child support award ex proprio motu from $210.00 to $140.00.
Under the provisions of R.C.C. Art. 227 both parents have the obligation to support and maintain children bom of the marriage. This alimentary obligation, insofar as the father is concerned, is separate and distinct from his obligation as a husband to support his former wife. R.C.C. Art. 160.
Plaintiff’s petition for alimony makes no issue of child support. The pretrial order entered following filing of the petition and prior to a hearing on the merits specifically sets forth that the only issue to be considered was the petitioner’s entitlement to alimony. At the hearing on the merits counsel for plaintiff timely objected to any evidence regarding the issue of child support as being outside the scope of the pleadings. Under these circumstances the trial court was without authority to amend its previously fixed child support award, for a court has no jurisdiction to decide a controversy which the parties have not regularly brought before it. As enunciated in Patrick v. Patrick, 227 So.2d 162, 164 (La.App. 2nd Cir. 1969) writs refused 255 La. 238, 230 So.2d 91:
“When the court adjudicated matters not regularly before it, it exceeded its authority. Due process requires adequate notice to the parties of the matter which will be adjudicated.”
Although, as aforesaid, we find no manifest error in the trial court’s determination that defendant-appellee is unable to pay more then the sum of $210.00 monthly in both alimony and child support, we are without authority to amend the trial court’s award for alimony as defendant-appellee has neither appealed nor answered the appeal of plaintiff.
For the foregoing reasons we reverse the trial court judgment insofar as it reduces the child support award previously fixed by order of the trial court dated July 28, 1975 and affirm said judgment insofar as it awards to plaintiff-appellant alimony in the amount of $70.00 monthly. The costs of this appeal are to be divided equally between the parties.
AFFIRMED IN PART AND REVERSED IN PART.