470 So.2d 939 (1985)
Barbara N. TASSIN, Plaintiff-Appellee,
v.
Mitchell SETLIFF, Defendant-Appellant.
No. 84-420.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*940 John A. London, III, Baton Rouge, Michael E. Parks, New Roads, for defendant-appellant.
Darrel D. Ryland, Marksville, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Mitchell Setliff appeals the judgment of the trial court in favor of his divorced wife, Barbara Tassin, increasing his child support to $200 per child, and prohibiting him from exercising his visitation privileges if he failed to pick up his two children before 6:00 p.m. on Fridays. Setliff's assignments of error are that the trial court erred: (1) in denying his declinatory exception of improper venue; and (2) in restricting his rights to visit his children beyond the scope of Tassin's pleadings. We affirm in part, finding Setliff failed to properly raise his exception of improper venue, and reverse that portion of the judgment restricting his child visitation privileges.

VENUE
Setliff argues that the trial court erred in finding that venue was proper in Avoyelles Parish to hear Tassin's petition to increase child support. He asserts that the petition should have been filed either in the parish where the child support was last set in connection with their divorce, Pointe Coupee Parish, or where he is now domiciled, West Feliciana Parish.
The exception of improper venue is declinatory and must be pleaded prior to answer or judgment by default. LSA-C. C.P. Arts. 925, 928. Exceptions to a petition in a summary proceeding shall be filed prior to the time assigned for the trial. LSA-C.C.P. Art. 2593; see also C.C.P. Art. 2593, comment (d).
In the case sub judice Setliff urged his objection to venue orally, without ever filing a written exception as required by C.C.P. Arts. 924 and 2593. Without filing the exception prior to the hearing, the issue of venue was not properly before the trial court for adjudication, and, therefore, has not been preserved for our consideration. For these reasons, we conclude that Setliff waived any objection to Tassin's choice of forums by failing to properly raise this objection in the trial court through timely filing a declinatory exception.

VISITATION RESTRICTION
Setliff urges that the trial court erred in providing in the judgment that if Setliff failed to pick up his minor children by 6:00 p.m. on Fridays, he forfeited his visitation for that particular weekend. He argues that this restriction was not prayed for in Tassin's pleadings and no evidence was adduced at the hearing on this issue. Accordingly, he concludes he was denied a fair and just hearing. We agree.
LSA-C.C.P. Art. 862 provides in pertinent part:
"... a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party had not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
Although C.C.P. Art. 862 effectively surpressed the "theory of the case" doctrine, the trial court may only grant the relief warranted by the averments contained in the pleadings and the evidence. Brown v. Brown, 348 So.2d 699 (La.App. 1st Cir. *941 1977). Art. 862 was not intended to confer jurisdiction on a trial court to decide controversies which the litigants have not raised. Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir.1969), writ denied, 255 La. 238, 230 So.2d 91 (1970). Due process requires adequate notice to parties of the matters which will be adjudicated. Cooper v. Cooper, 336 So.2d 928 (La.App. 3rd Cir.1976).
The record does not contain any pleading, nor was testimony introduced, placing at issue any restrictions on Setliff's exercise of child visitation rights. Therefore, when the trial court included such a restriction in the judgment, it adjudicated a matter not properly before it, and therefore exceeded its authority. See Patrick, supra, and Cooper, supra.
For the foregoing reasons, we reverse the trial court judgment insofar as it provides that Mitchell Setliff relinquishes his weekend visitation privileges if he fails to pick up his children by 6:00 p.m. on Friday. In all other respects the judgment of the trial court is affirmed. All costs of this appeal are assessed one-half to Barbara N. Tassin, and one-half to Mitchell Setliff.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.