713 So.2d 1261 (1998)
Michael K. GLOVER, Husband of/and, Polly Glover
v.
MEDICAL CENTER OF BATON ROUGE, Columbia Health Care Systems of Louisiana, and Craig Matt.
No. 97 CA 1710.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
Daniel A. Claitor, Baton Rouge, for Plaintiff-Appellant Polly Glover.
Daniel A. Reed, Baton Rouge, for Defendant-Appellee Medical Center of Baton Rouge.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Michael K. Glover (Mr. Glover) filed this suit against Medical Center of Baton Rouge (defendant),[1] alleging that while recovering from surgery, he fell and was injured in the bathroom of his hospital room. Polly Glover (Mrs. Glover), his wife, joined in the suit seeking damages for loss of consortium and for emotional damages for witnessing her husband's condition immediately after his fall. Defendant filed an exception of prematurity, alleging it was a qualified health-care provider within the meaning and intent of the Louisiana Medical Malpractice Act of 1975 and thus was entitled to a medical-review panel. The exception and supporting memorandum used the singular possessive "plaintiff's" throughout. The exception stated "plaintiff" had not submitted "his" complaint to the review panel. Defendant's memorandum *1262 stated, "Plaintiff is in violation of the act by not having submitted his claim to a Medical Review Panel. His suit is therefore premature and should be dismissed."
After a hearing, the trial court signed a written judgment prepared by defendant's counsel. That judgment dismissed the claims of both Mr. and Mrs. Glover. Mrs. Glover moved to amend the judgment, contending her claim should not have been dismissed. The trial court wrote the word "Moot" across the order attached to Mrs. Glover's motion. She appeals.
Mrs. Glover contends she was deprived of the chance to defend herself and to argue to the trial court that she had the right to proceed with her claim without first presenting it to a medical-review panel. She cites a third circuit case, Trahan v. McManus,[2] which held that a claim for emotional damage for witnessing injuries to a loved one is independent of a malpractice claim for causing the loved one's injuries. She contends Trahan supports her argument that she may have been able to prove her claim was independent of her husband's, had she known her claim was at stake.
Without expressing any opinion on the merits of her proposed argument to the trial court, we agree the trial court committed legal error in granting the exception as to Mrs. Glover. Louisiana Code of Civil Procedure article 862 provides that a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled. The court may not, however, decide controversies that the litigants have not raised or grant relief the parties have not demanded.[3] Due process requires adequate notice to the parties of the matters that will be adjudicated.[4]
As the exception herein was filed as to only Mr. Glover, the trial court could not enter judgment on the exception dismissing the claims of Mr. and Mrs. Glover. Thus, the judgment dismissing Mrs. Glover's case as premature must be reversed and this matter remanded to the trial court for further proceedings.
Defendant has filed a supplemental brief, to which was attached a copy of the decision of the medical-review panel on Mr. Glover's claim. The medical-review panel's findings are not properly before us.
For the foregoing reasons, the judgment of the trial court granting the exception of prematurity as to Polly Glover is reversed, and this case is remanded for further proceedings. Defendant is cast for costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] He also sued Columbia Health Care Systems of Louisiana and Craig Matt.
[2] 96-669 (La.App. 3d Cir. 2/19/97), 689 So.2d 696, writ granted, 97-1224 (La.6/30/97), 696 So.2d 996.
[3] Creech v. Creech, 29,499, pp. 6-7 (La.App.2d Cir. 5/7/97), 694 So.2d 589, 592-593; Tassin v. Setliff, 470 So.2d 939, 941 (La.App. 3d Cir.1985).
[4] Tassin, 470 So.2d at 941; Cooper v. Cooper, 336 So.2d 928, 930 (La.App. 3d Cir.1976).