STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-321


MICHAEL D. VANEK AND
VANEK REAL ESTATE, LLC

VERSUS

CHARLES ROBERTSON AND
DIV-CONN OF LAKE CHARLES, LLC



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-3767
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Phyllis M. Keaty, D. Kent Savoie, and Van H. Kyzar, Judges.


REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

**Thomas J. Gayle**
**Gayle Law Firm, LLC**
**713 Kirby Street**
**Lake Charles, Louisiana  70601**
**(337) 494-1220**
**Counsel for Plaintiffs/Appellants:**
  **Michael D. Vanek**
  **Vanek Real Estate, LLC**

**Billy E. Loftin, Jr.**
**Brian M. Bradford**
**Loftin, Cain & LeBlanc, L.L.C.**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, Louisiana  70601**
**(337) 310-4300**
**Counsel for Third Party Defendant/Appellee:**
  **Bonita Sedano**

**Marshall J. Simien, Jr.**
**Simien Law Firm**
**2129 Fitzenreiter Road**
**Lake Charles, Louisiana  70601**
**(337) 497-0022**
**Counsel for Defendants/Appellees:**
  **Charles Robertson**
  **Div-Conn of Lake Charles, LLC**

**KEATY, Judge.**

This is a breach of contract case. The plaintiff appeals a judgment granting a motion for partial summary judgment filed by the third party defendant insofar as the judgment, in addition to dismissing the third party demands against the third party defendant, also dismissed the plaintiff's claims against the original defendants. More specifically, the plaintiff asserts that the trial court erred, as a matter of law, in dismissing the principal demand when no motion for summary judgment was filed by a party to the principal action. The plaintiff does not appeal the grant of summary judgment in favor of the third party defendant.

## FACTS AND PROCEDURAL HISTORY

The facts relative to this appeal are not in dispute. Michael D. Vanek and Vanek Real Estate, LLC (hereafter collectively referred to as Plaintiff or Vanek), filed suit against Charles Robertson and Div-Conn of Lake Charles, LLC[1] (hereafter collectively referred to as Defendant or Robertson), for breach of a listing agreement concerning a commercial building on property located at 2750 Power Center Parkway in Lake Charles, Louisiana (the property). The listing agreement was signed on December 1, 2010, by Robertson as seller, Vanek as broker, and Bonita Sedano as agent, and it expired by its own terms at midnight on October 4, 2011. The listing agreement contained a clause which provided that, "Brokerage fees will also be earned by the BROKER when a tenant, placed by the BROKER, purchases the leased premises during the initial lease period of any lease extensions or within 80 days after the lease/extension expires."

In his suit against Robertson, Vanek sought a commission for a sale of the property that took place on July 31, 2014. Vanek alleged that beginning in May

---

[1] Div-Conn of Lake Charles, LLC, is a property management company owned by Charles Robertson.

2011, the property was leased three separate times, each for a one-year term, with the last lease lapsing on June 30, 2014. According to Vanek, Robertson paid him 6% commission on each of those three leases, as called for in the listing agreement. The petition alleged that Robertson failed to pay Vanek a commission in conjunction with the July 2014 sale of the property, instead paying a commission to a different broker. Vanek further alleged that Robertson "ratified the validity and existence" of the listing agreement by paying the three aforementioned commissions and that "Vanek's agency was the procuring cause for the Charter Academy to rent, and subsequently purchase, the building owned by Robertson." In two supplemental and amending petitions, Vanek alleged that "Robertson confirmed and ratified" the listing agreement "by accepting the benefit of the assignment of the listing agreement from 'Charter Schools USA,' to other entities, namely Lake Charles Charter Academy Inc. and Southwest Louisiana Charter Academy Foundation, Inc."

In response to Vanek's petition, Robertson filed an answer, reconventional demand, and third party demand. In his answer, Robertson asserted that the listing agreement relied upon by Vanek had expired when the sale occurred. Robertson further asserted that the listing agreement was a one-party listing for Charter Schools, USA, Inc. and its assigns, and that the purchaser of the property, Southwest Louisiana Charter Academy Foundation, Inc. (SLCAF), a non-profit Louisiana corporation, was not affiliated with or in any way an "assign" of Charter Schools, a Delaware corporation. According to his reconventional demand, Robertson had paid Vanek commissions that were not due, and he sought a refund of those payments from Vanek.

Robertson also filed a third party demand against Sedano, the real estate agent employed by Vanek, who represented Charter Schools when the listing agreement was signed in 2010. Robertson alleged that at some point after the listing agreement

2

expired, Sedano ceased working for Vanek and became employed by Century 21 Mike D. Bono & Co. (Bono). According to Robertson, during the negotiations of the 2014 sale of the property, Sedano had assured him "that Vanek's listing agreement had expired, that she could act as a dual agent to list and purchase the property, that she had been in communication with Vanek, and that if Vanek had any issues with the sale of the property," she would resolve them with him. After the sale of the property was completed in 2014, Robertson paid a commission to Sedano and Bono. When Vanek later filed this suit seeking a commission from Robertson, Robertson filed the third party demand against Sedano, alleging that she was responsible for distributing any commission due to Vanek.[2]

Upon being sued as a third party defendant, Sedano filed a cross-claim against Vanek, alleging that he had waived his right to any commission owed on the sale of the property. Thereafter, Sedano filed a motion for partial summary judgment against Vanek and Robertson. In her motion, Sedano alleged that per the explicit terms of a written agreement that she and Vanek entered into in August 2013 upon the severance of their broker-realtor relationship, it was agreed that Sedano would retain SLCAF as her client and no future commissions involving it would be shared between them. That agreement, which was attached as an exhibit to Sedano's motion, provided:

> Mike Vanek and Bonita Sedano have been involved in a broker-realtor Relationship and have jointly participated in the closure of various real estate transactions which entailed a sharing [of] commission[s] on an agreed upon percentage. Each party desires to sever this relationship and agree to release the other from complete liability for all expenses incurred to date by Vanek Real Estate as a result of this relationship. Each party wishes to terminate all collaboration on projects where a commission fee will be paid with the exception of the sale of land to Southwest Louisiana Charter Academy Foundation at the corner of

---

[2] Robertson later filed a supplemental and amending third party demand in which he added as third party plaintiffs Katherine Vidrine and his wife, Gloria Robertson, who co-owned the subject property with him. For simplicity, we collectively refer to the three co-owners of the property as Robertson.

McNeese and South Park St. in the City of Lake Charles. Each party agrees to share the commission on the transaction on an equal basis. Mike Vanek and Bonita Sedano wish to amicably terminate their relationship with each party continuing to recognize that Bonita Sedano shall retain Lake Charles Charter Academy Foundation and [S]outhwest Louisiana [C]harter Academy [F]oundation as her exclusive clients hereinafter, and that no further commission fees shall be shared on any future transactions involving either Foundations.

In her motion for partial summary judgment, Sedano explained that, as called for in their agreement, Vanek received a commission from the November 2013 sale of the land at the corner of McNeese and South Park Street, a property different from the one at issue in this matter. She further explained that after signing the agreement, she and Bono, as agent and broker, entered into a one-time listing agreement with SLCAF in May 2014 regarding the subject property. Finally, she noted that Robertson had paid a commission to her and Bono after the July 2014 sale of that property. Although Sedano was not sued by Vanek, the relief sought in her motion was judgment in her favor dismissing Vanek's claims against Robertson and dismissing Robertson's third party demand against her.

Vanek opposed Sedano's motion on the grounds that many material questions of fact remained, thus precluding the granting of summary judgment. In a pleading titled Defendant's Memorandum in Response to Bonita Sedano's Motion for Partial Summary Judgment, Robertson asserted defenses to the merits of Vanek's claims against him which were not dependent upon the Vanek/Sedano agreement. Robertson also asserted that Vanek's claims against him should be dismissed for the reasons set forth in Sedano's motion; however, Robertson did not file a motion seeking summary judgment against Vanek on his behalf. Alternatively, Robertson suggested that Sedano's motion for partial summary judgment should be denied because of the existence of genuine issues of material fact "regarding what was

4

contemplated" in the agreement between Sedano and Vanek "and their effect on the outcome of any claim" against them.

Sedano's motion for partial summary judgment was heard on November 27, 2017. At the conclusion of the hearing, the trial court granted Sedano's motion from the bench. Sedano's counsel prepared a judgment which was circulated to the parties. Counsel for Vanek filed an objection to the form of the judgment, arguing that there was no procedural mechanism which authorized the trial court to dismiss Vanek's principal demand against Robertson because Sedano was the only party who moved for summary judgment, and Vanek had not sued her. Nevertheless, the trial court signed a judgment on December 11, 2017, which contained the following decretal language: "the Motion for Partial Summary Judgment filed by BONITA SEDANO is hereby GRANTED dismissing plaintiffs' claim against the defendants, and thereby dismissing all third party demands against BONITA SEDANO as third party defendant." This appeal by Vanek followed.[3]

## DISCUSSION

Vanek is not appealing the trial court's granting of summary judgment in favor of Sedano. Instead, he appeals the relief granted by the trial court in conjunction with its grant of Sedano's motion for partial summary judgment. We view the question before us as one of law.

> "On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record." *State, Through La. Riverboat Gaming Comm'n v. La. State Police Riverboat Gaming Enf't Div.*, 95-2355, p. 5 (La.App. 1 Cir. 8/21/96), 694 So.2d 316, 319. "Appellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct." *Johnson v. La. Tax Comm'n*, 01-964, p. 2 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, 331, *writ denied*, 02-445 (La. 3/8/02), 811 So.2d 887.

---

[3] Out of an abundance of caution, Sedano filed an appellee brief in response to Vanek's appeal. As noted previously, Vanek does not appeal the grant of summary judgment in favor of Sedano. Thus, the portion of the judgment dismissing Robertson's claims against her is final.

*Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 17-895, p. 2-3 (La.App. 3 Cir. 4/18/18), __ So.3d __, __.

Before issuing its oral ruling granting Sedano's motion for partial summary judgment, the trial court stated:

> This matter comes to the Court on a motion for partial summary judgment filed by counsel for Ms. Bonita Sedano and joined in by counsel for Charles Robertson, et al. The Court is well aware that summary judgment is a favors [sic] proceeding in the State of Louisiana, but summary judgment should only be awarded where there are no genuine issues of material fact. In this particular case, the parties seem to agree on the facts so what is the Court left with is a question of law, in the Court' s opinion, as to whether or not the agreement entered into by Ms. Sedano and Mr. Vanek is applicable to the sale that's in question in this case. . . . The time that both parties enter[ed] into this contract, they had knowledge of everything in this particular case. In this Court's opinion to allow the broker and the relator [sic] to enter into this particular contract that outlines how they are going to amicably sever their relationship knowing who their clients are at the time, to allow that to work to the detriment of Charles Robertson would be an inequitable result and it just would not be right. The Court wrestled with whether or not this was a factual question versus a legal question and this Court lines [sic] squarely that this is a legal question because this is a question of whether or not this agreement applies. This Court feels that this agreement governs the relationship and how these parties are going to divide up future commissions. This Court finds that the commission, as it relates to the property in question, is a future commission and this contract governs those facts. So applying this contract to those facts, a motion for partial summary judgment is definitely in order and is appropriate because there are no disputed facts. So this Court grants the motion for summary judgment in favor of all defendants.

On appeal, Vanek does not dispute that he entered into an agreement with Sedano in August 2013, and he does not question that she was entitled to partial summary judgment dismissing Robertson's third party demand against her. He claims, however, that the trial court committed a procedural error in dismissing the claims he asserted in his principal demand against Robertson because Robertson did not file a motion for summary judgment against him. Vanek further claims that because he did not sue Sedano, the trial court was procedurally precluded from dismissing any part of his principal demand. In support of his argument, Vanek

points to *Dennison v. Liberty Mutual Insurance Co.*, 94-26 (La.App. 1 Cir. 11/10/94), 645 So.2d 1227, wherein the first circuit reversed the trial court's grant of summary judgment in favor of a third party defendant against the plaintiff who had not named the third party defendant as a direct defendant. In doing so, the *Dennison* court stated:

> Judgment may not be rendered against a party who is not named as a defendant. *Luneau v. Hanover Ins. Co.*, 478 So.2d 752, 757 (La.App. 3rd Cir.1985).
>
> Moreover, pursuant to LSA-C.C.P. art. 1111, it is necessary that a plaintiff amend his petition to include a third-party defendant as a direct defendant before a judgment may be rendered in favor of plaintiff and against the third-party defendant. *Shaffer v. Illinois Central Gulf Railroad Company*, 479 So.2d 927, 929 n. 2 (La.App. 1st Cir.1985), *writ denied*, 483 So.2d 1021 (La.1986).
>
> Applying these principles of law, we conclude that judgment likewise could not be rendered against the plaintiff and in favor of a party not named as a direct defendant by plaintiff. Because Louisiana Indemnity was not a party to the principal action filed by plaintiffs, the trial court could not properly render a judgment in favor of Louisiana Indemnity dismissing plaintiffs' claims against it, where plaintiffs had not yet asserted such claims.

*Id.* at 1233-34. Finally, Vanek claims that he was due a commission from Robertson on the July 2014 sale of the property per the terms of the listing agreement they entered into in December 2010 because the sale "closed within 80 days" of June 30, 2014, the date the last lease from which he collected a commission from Robertson expired. In essence, Vanek submits that Robertson contractually obligated himself to pay commissions on the July 2014 sale to two separate brokers.

Robertson counters that La.Code Civ.P. art. 1115, which provides that "[t]he third party defendant may assert against the plaintiff in the principal action any defenses which the third party plaintiff has against the principal demand[,]" gave Sedano the procedural right to assert against Vanek any defenses that Robertson had to Vanek's principal demand against him. Robertson submits that the trial court correctly found that "the Vanek-Sedano contract encompassed and controlled the

7

real estate commission in dispute and that Vanek had already contractually agreed the commission properly belonged to Sedano." Robertson contends that because "Vanek's underlying principal demand[, which was] the sole basis for [his third party] indemnity claim against Sedano, had no basis in fact and in law[, Vanek's principal demand] was properly dismissed."

Robertson cites *Jones v. American Bank & Trust Co*., 387 So.2d 1360 (La.App. 1 Cir. 1980), in support of his claim that the trial court herein had the authority to grant summary judgment in favor of a third party defendant and to dismiss the plaintiff's principal demand even though the third party defendant was not joined as a defendant in the principal demand. The *Jones* court, relying on La.Code Civ.P. art. 1115, affirmed the trial court's grant of summary judgment in favor of a third party defendant whom the original plaintiff had not named as a defendant. We note, however, that upon its de novo review of the evidence in *Jones*, 387 So.2d at 1363, the first circuit found that "[t]he entire thrust of [the original plaintiff's] case" was disproved by evidence offered by the third party defendant in support of his motion for summary judgment. As we will later discuss, such is not the case in this matter.

Robertson argues that *Dennison* is distinguishable from this matter because the plaintiff therein could only have a claim against the third party defendant through Louisiana's direct action statute,[4] and the plaintiff had not asserted a direct claim against the third party defendant. We disagree, as there is no mention of the direct action statute in *Dennison*, nor is there any indication that such statute was a basis upon which the first circuit determined the proposition for which Vanek relies upon in that decision.

---

[4] *See* La.R.S. 22:1269.

According to La.Code Civ.P. art. 966(F), "summary judgment may be rendered or affirmed *only as to those issues set forth in the motion under consideration by the court* at that time." (Emphasis added.) Louisiana Code of Civil Procedure Article 862 provides, in pertinent part, that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." Nevertheless, this court has held that "Art. 862 was not intended to confer jurisdiction on a trial court to decide controversies which the litigants have not raised. Due process requires adequate notice to parties of the matters which will be adjudicated." *Tassin v. Setliff*, 470 So.2d 939, 941 (La.App. 3 Cir. 1985) (citations omitted). *See also*, *Glover v. Med. Ctr. of Baton Rouge*, 97-1710 (La.App. 1 Cir. 6/29/98), 713 So.2d 1261.

In the instant case, the only matter set for hearing on November 27, 2017, was Sedano's motion for partial summary judgment against both Vanek and Robertson. While Robertson filed a memorandum in response to Sedano's motion, he did not file a motion for summary judgment on his own behalf nor did he file a pleading joining in Sedano's motion. Thus, the claims that Vanek asserted in his principal demand against Robertson were not under consideration at the November 2017 hearing, nor were the claims that Robertson asserted in his reconventional demand against Vanek. Moreover, Vanek and Robertson, through their principal and reconventional demands, made claims and arguments against one another that were not addressed in, nor dispositive of, Sedano's motion for partial summary judgment. Accordingly, while Robertson correctly notes that Sedano had the right to assert against Vanek any defenses available to Robertson, any such defenses are not dispositive of this appeal.

9

The transcript from the November 2017 hearing, which was quoted earlier in this opinion, makes clear the fact that the trial court mistakenly believed that Robertson "joined in" the motion for partial summary judgment filed by Sedano. Robertson's having aligned himself with Sedano by asserting, in his response to her motion, that Vanek's claims against him be dismissed for the reasons set forth in Sedano's motion, did not serve to give "adequate notice" to Vanek that his claims against Robertson were at issue and would be "adjudicated" at the November 2017 hearing. *Tassin*, 470 So.2d at 941. Likewise, Sedano, having sought in her motion the dismissal of Robertson's third party demand against her, as well as Vanek's principal demand against Robertson, could not confer upon the trial court jurisdiction to adjudicate the claims made in Vanek's principal demand. Thus, we conclude that the trial court exceeded its authority and committed legal error in dismissing Vanek's claims upon its granting of Sedano's motion and that portion of the judgment must be reversed.

## DECREE

For the foregoing reasons, the portion of the December 11, 2017 judgment "dismissing plaintiffs' claim against the defendants" is reversed, and this matter is remanded to the trial court. In all other respects, the judgment is affirmed. All costs of this appeal are assessed against Charles Robertson and Div-Conn of Lake Charles, LLC.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED**.