**<u>NOT DESIGNATED FOR PUBLICATION</u>**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0874

LAMAR ADVERTISING OF LOUISIANA, LLC

VERSUS

MEDIA CHOICE, LLC, ACME PARTNERSHIP, LP AND CITY OF
BATON ROUGE, PARISH OF EAST BATON ROUGE

Judgment Rendered: ____**APR 1 9 2024**____

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 730406

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \*

Michael D. Ferachi
Juston M. O'Brien
Zelma Murray Frederick
Baton Rouge, LA

Attorneys for Plaintiff-Appellee,
Lamar Advertising of Louisiana, LLC


Brett P. Furr
William H. Patrick, IV
Baton Rouge, LA

Attorneys for Defendants-Appellants,
Media Choice, LLC and Acme
Partnership LP


David M. Lefeve
Baton Rouge, LA

Attorney for Defendant-Appellee,
City of Baton Rouge/Parish of East Baton
Rouge

\* \* \* \* \*

BEFORE: WOLFE, HESTER, AND MILLER, JJ.

*Miller, J. concurs w/out reasons*

**HESTER, J**

Media Choice, LLC and Acme Partnership LP[1] appeal a judgment of the trial court granting Lamar Advertising of Louisiana, LLC's[2] application for the issuance of a preliminary injunction against Acme and the City of Baton Rouge/Parish of East Baton Rouge.[3] For the following reasons, we vacate the judgment of the trial court granting a preliminary injunction.

## FACTS AND PROCEDURAL HISTORY

On December 20, 2018, Acme and/or its agents were issued Permit No. 95425 ("the Permit") by the City-Parish, which authorized the construction and/or installation of a billboard on the property located at 12791 Burbank Drive, Baton Rouge, Louisiana 70810 ("the Property"). By June 17, 2019, Acme and/or its agents began construction of the billboard on the Property. However, the City-Parish sent a letter dated August 22, 2019, indicating that the Permit had expired and that the City-Parish was authorized to suspend or revoke a permit issued in error or in violation of any ordinance or regulation. The letter further referenced Unified Development Code ("UDC"), Chapter 16 Signs, Section 16.7.4(D)(7)(b) Billboards and Appendix C(D)(7)(g) Manchac Swamp, indicating that the Property was located within the bounds of Manchac Swamp as defined in the UDC.

In response, Acme filed suit against the City-Parish, seeking damages and the reinstatement of the Permit. Ultimately, Acme's suit was resolved by Consent Judgment dated March 1, 2023, which provided, in part, as follows:

> [T]he Permit, or a permit that is substantially similar to the Permit, shall be reinstated and/or issued to Acme and/or its agents to allow Acme to construct and/or install a billboard at the Property;

---

[1] Media Choice, LLC and Acme Partnership LP are hereinafter referred to as "Media Choice" and "Acme."

[2] Lamar Advertising of Louisiana, LLC is hereinafter referred to as "Lamar."

[3] The City of Baton Rouge/Parish of East Baton Rouge is hereinafter referred to as "the City-Parish."

2

... [T]o the extent required, Acme shall be allowed a special disposition and/or variance to continue construction and installation of a billboard at the Property[.]

On March 30, 2023, Lamar filed a Petition for Injunction, Preliminary Injunction, and Temporary Restraining Order, naming Acme, Media Choice, and the City-Parish as defendants. In the petition, Lamar asserted that Section 16.7.4(E)(h) of the UDC prohibits the erection of signs and billboards in the Manchac Swamp Prohibited Area ("MSPA"). The UDC contains a map of the MSPA, which Lamar attached to its petition. According to Lamar, the Property is within the MSPA.

In the petition, Lamar asserted that the Permit was mistakenly issued to Acme, Media Choice, or their agents, which prompted the City-Parish to revoke the Permit. Lamar characterized Acme's lawsuit against the City-Parish as an attempt to nullify a portion of the UDC and to abolish the MSPA so that Acme could erect a billboard in a prohibited area. Despite Lamar's attempt to intervene in Acme's lawsuit, Acme and the City-Parish opposed the intervention, and the court denied the motion to intervene.

Lamar sought to enjoin the City-Parish from issuing a permit for the construction of a new sign in the MSPA and to enjoin Acme and Media Choice from constructing a sign of any kind in the MSPA, which would be in violation of Section 16.7.4(E)(h) of the UDC. While Lamar generally alleged that irreparable injury, loss, or damage would occur without the injunction, Lamar also alleged that there was no need to prove irreparable harm because the defendants were acting in violation of law.

The City-Parish responded to the petition with peremptory exceptions of no cause of action and no right of action, arguing that a settlement was reached in Acme's lawsuit, which allowed Acme to construct one billboard and allowed Lamar to keep its four non-conforming billboards. According to the City-Parish, a special disposition/variance was part of the settlement, which "was granted pursuant to the

3

Consent Judgment" in the Acme lawsuit. The City-Parish argued that Lamar failed to state a cause and/or right of action against it "as the [City-Parish] was exercising its discretionary authority in creating a special disposition and/or variance in not only allowing Acme to keep its one billboard in the MSPA, but in allowing Lamar to keep its four non-conforming billboards in the MSPA." The City-Parish cited to Louisiana's discretionary immunity statute, La. R.S. 9:2798.1, which affords public entities immunity for discretionary acts when such acts are within the course and scope of their lawful powers and duties.

Thereafter, Acme and Media Choice filed peremptory exceptions of no right of action and nonjoinder of a party under Article 641 and the dilatory exception of prematurity. Acme and Media Choice argued that Lamar did not have standing to assert the claims raised in its petition, that Lamar failed to join the owner of the Property, and the petition collaterally attacks judgments issued in the Acme lawsuit and, since Lamar has not filed an action to nullify those judgments, this action is premature. Lamar opposed the exceptions filed by the City-Parish, Acme, and Media Choice.

On May 25, 2023, the trial court held a hearing on the petition for injunction, preliminary injunction, and temporary restraining order, and all exceptions filed by the City-Parish, Acme, and Media Choice. After hearing the arguments of the parties, the trial court overruled all of the exceptions.[4] These rulings were memorialized in a judgment signed on June 12, 2023. The trial court took the preliminary injunction under advisement and later granted the preliminary injunction in open court on June 1, 2023. In a judgment signed on June 20, 2023, the trial court ordered that "Acme shall immediately halt all construction and operation of any

---

[4] From this ruling, the City-Parish sought supervisory review with this court as well as the Louisiana Supreme Court, and both courts denied writs. **Lamar Advertising of Louisiana, LLC v. Media Choice, LLC,** 2023-0673 (La. App. 1st Cir. 10/24/23) (unpublished writ action), writ denied, 2023-01553 (La. 1/24/24), ___ So.3d ___, 2024 WL 259608.

billboard at 12791 Burbank Drive, Baton Rouge, Louisiana 70810, which is within the Manchac Swamp Prohibited Area, as defined by the Unified Development Code." The trial court expressly ordered that no bond was required.

Acme and Media Choice timely appealed the trial court's June 20, 2023 judgment on the preliminary injunction and also sought review of the related interlocutory rulings overruling the exceptions. On appeal, Acme and Media Choice assign the following errors:

(1)     The trial court erred by overruling the peremptory exceptions raising the objections of no right of action and nonjoinder of a party under Article 641 and the dilatory exception raising the objection of prematurity;

(2)     The trial court erred by granting the request for a preliminary injunction; and

(3)     The trial court erred by failing to set a bond for the preliminary injunction.

## LAW AND DISCUSSION

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. Code Civ. P. art. 3601(A).  A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits.[5]  **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1**, 2018-1759 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 957-58 (en banc), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650.  A trial court has great discretion to grant or deny the relief requested.  **State Through Louisiana State Board of Examiners of Psychologists of Department of Health**

---

[5] Louisiana Code of Civil Procedure article 3612(B) provides, in pertinent part, "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction."

**& Human Services v. Atterberry**, 95-0391 (La. App. 1st Cir. 11/9/95), 664 So.2d 1216, 1220. A trial court's determination should not be disturbed in the absence of manifest abuse of that discretion. **Id**.

The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. **Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority**, 2004-0211 (La. 3/18/04), 867 So.2d 651, 655; see also La. Code Civ. P. art. 3601. An injunction is a harsh, drastic, and extraordinary remedy, which should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1st Cir. 3/24/05), 906 So.2d 660, 664. Irreparable injury means the loss cannot be adequately compensated through money damages or measured by a pecuniary standard. **Id**. However, a petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. **Id**.

In its petition, Lamar sought injunctive relief to prohibit "Acme, Media Choice, or their agents from constructing any prohibited sign or structure within the [MSPA] identified by the UDC" and to prohibit "the City-Parish from issuing a permit for construction of a prohibited sign within the [MSPA]." At the May 25, 2023 hearing, the parties agreed that the billboard structure had already been erected on the Property, although the faces of the billboard had not been installed. Notwithstanding the clear indication that the construction of the sign was substantially complete, the trial court granted the preliminary injunction, ordering that Acme immediately halt all construction of any billboard on the Property.

In the specific context of a preliminary injunction, courts will not review a case in which only injunctive relief is sought and where the need for the injunctive relief has become moot. **K Constr., Inc. v. City of Slidell**, 2020-0198 (La. App. 1st Cir. 11/6/20), 315 So.3d 292, 295. An injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done. **Stevens v. St. Tammany Parish Government**, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So.3d 562, 567. One cannot enjoin a *fait accompli*. **Bristol Steel & Iron Works, Inc. v. State, Department of Transportation & Development**, 507 So.2d 1233, 1234-35 (La. 1987) (reversing appellate court's order enjoining any further construction on a bridge and finding injunctive relief not available where parties conceded that the bridge was substantially complete). In light of the fact that the billboard was constructed on the Property at the time of the hearing and at the time the trial court issued its ruling, it was impossible for the trial court to grant Lamar's request for injunctive relief. Lamar's claim for injunctive relief as requested in the petition was moot.[6] Therefore, the trial court lacked jurisdiction to issue the injunction.[7] **Felder v. Political Firm, L.L.C.**, 2014-1266 (La. App. 1st Cir. 4/24/15), 170 So.3d 1022, 1026 ("Where the purpose of the injunctive relief sought is to prevent specifically threatened future conduct, but the act sought to be enjoined has already been committed or accomplished, there can be no ground for an injunction.").

---

[6] An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. **Standard Mortgage Co. v. Bey**, 2020-0978 (La. App. 1st Cir. 5/27/21), 327 So.3d 35, 38-39.

[7] Additionally, we note that the June 20, 2023 judgment granted Lamar's application for the issuance of a preliminary injunction against the City-Parish, but failed to describe in any detail the act or acts sought to be restrained with respect to the City-Parish in contravention of La. Code Civ. P. art. 3605. Nonetheless, Lamar's claim for injunctive relief against the City-Parish (prohibiting it from issuing a permit for construction of the billboard) was also moot. Accordingly, that portion of the June 20, 2023 judgment is vacated.

7

Notwithstanding the mootness of the issue presented to the trial court, the trial court further enjoined Acme from operating a billboard on the Property. We note that Lamar's petition did not request such relief, nor were the pleadings enlarged to encompass such relief.[8] The record does not contain any evidence or indication that Lamar argued for or sought to enjoin Acme or Media Choice from operating a billboard.[9] Therefore, we find that the trial court abused its discretion in awarding the "harsh, drastic, and extraordinary remedy"[10] of injunctive relief broader than the moot relief requested in the petition. See **Hill v. Jindal**, 2014-1757 (La. App. 1st Cir. 6/17/15), 175 So.3d 988, 1007, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600. See also **Bristol Steel**, 507 So.2d at 1235-36 (vacating the appellate court's issuance of an injunction that prohibited further construction of a bridge after it was conceded that the bridge was substantially completed).

Therefore, Acme and Media Choice's second assignment of error has merit, and the trial court abused its discretion in granting the request for preliminary injunction.

## CONCLUSION

For the reasons herein assigned, the trial court's June 20, 2023 judgment granting Lamar Advertising of Louisiana, LLC's application for the issuance of a preliminary injunction against the City of Baton Rouge/Parish of East Baton Rouge

---

[8] Louisiana Code of Civil Procedure article 1154 provides, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading."

[9] We note that the prohibitory language in Section 16.7.4 of the UDC upon which Lamar relied in its petition states that "[t]he following billboards shall not be allowed to be erected," *i.e.*, constructed. While La. Code Civ. P. art. 862 provides that a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, a trial court may not decide controversies that the litigants have not raised or grant relief the parties have not demanded. See **Glover v. Medical Center of Baton Rouge**, 97-1710 (La. App. 1st Cir. 6/29/98), 713 So.2d 1261, 1262.

[10] **Concerned Citizens**, 906 So.2d at 664.

8

and Acme Partnership LP is vacated.[11]  All costs of this appeal are assessed to Lamar

Advertising of Louisiana, LLC.

**JUNE 20, 2023 JUDGMENT VACATED.**

---

[11] While Acme and Media Choice also sought review of the trial court's interlocutory rulings on their exceptions in their first assignment of error, we decline to review those rulings at this stage of the proceeding and in light of our determination of mootness. Further, we pretermit Acme and Media Choice's third assignment of error.